**Jose LEBRON, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DOMINICK SERRAO GENERAL LANDSCAPING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 22, 1998.
Decided Aug. 13, 1998.

Richard J. Aherne, Philadelphia, for petitioner.

Carol S. Neitz, Blue Bell, for respondent.

Before COLINS, President Judge, and KELLEY, J., and McCLOSKEY, Senior Judge.

KELLEY, Judge.

Jose Lebron (claimant) petitions for review of an order of the Workers' Compensation Appeal Board. The board's order affirmed the workers' compensation judge's (WCJ) decision dismissing claimant's claim petition. We affirm.

Claimant filed a claim petition on November 23, 1992 alleging that he contracted Lyme disease on July 30, 1992 while in the course and scope of his employment as a landscaper for Dominick Serrao General Landscaping (employer). By decision circulated March 15, 1996, the WCJ denied claimant's petition. The WCJ concluded that claimant had not established by unequivocal medical testimony a causal connection between his contraction of Lyme disease and work activities. In doing so, the WCJ found the testimony of claimant to be credible, but rejected the testimony of claimant's medical witness, David J. Bayard, M.D. Specifically, the WCJ determined that Dr. Bayard's testimony did not causally relate claimant's condition to his employment.

The Board affirmed the decision of the WCJ by order dated December 10, 1997. The Board stated that the causal connection between claimant's disease and work activi-

ties was not obvious, thereby requiring claimant to produce unequivocal medical testimony. Based on its review of the record, the board concluded that Dr. Bayard failed to assign an actual cause for claimant's Lyme disease. This appeal followed.[1]

The sole issue presented by claimant for our review is whether the Board committed legal error when it determined that claimant had to establish by unequivocal medical testimony that claimant's Lyme disease was causally related to his work-activities.

Initially, we note that in order to prevail on a claim petition, claimant must establish all elements necessary to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). This includes proving a causal connection between the alleged disability and a work-related incident. Section 301(c)(1) of the Workers' Compensation Act (Act),[2] 77 P.S. § 411(c)(1); *Somerset Welding and Steel v. Workmen's Compensation Appeal Board (Lee)*, 168 Pa.Cmwlth. 78, 650 A.2d 114 (1994), *petition for allowance of appeal denied*, 540 Pa. 652, 659 A.2d 990 (1995). Where there is no obvious causal relationship between claimant's disability and work-related activity, unequivocal medical testimony is necessary to establish the requisite causal relationship. *Lynch v. Workmen's Compensation Appeal Board (Teledyne Vasco)*, 545 Pa. 119, 680 A.2d 847 (1996).

This evidentiary standard is only applicable to situations where the existence of a causal connection is so readily discernible to a layman that it obviates the need for an expert opinion. *Weaver v. Workmen's Compensation Appeal Board (Pennsylvania Power Co.)*, 87 Pa.Cmwlth. 428, 487 A.2d 116 (1985). As we stated in *Tobias v. Workmen's Compensation Appeal Board (Nature's Way Nursery, Inc.)* 141 Pa.Cmwlth. 438, 595 A.2d 781 (1991), *petition for allowance of appeal denied*, 529 Pa. 628, 600 A.2d 543 (1991), an obvious causal relationship exists between the work injury and disability when the nexus is:

> so clear that an untrained layperson would not have a problem in making the connection between the injury and a disability. This discernment often involves a "natural and probable" development ... and could sometimes involve an immediacy of occurrence such as an immediate back injury following lifting.

*Id.* 595 A.2d at 784–85.

Claimant maintains that the causal link between his employment as a laborer for a landscaping company and contraction of Lyme disease is obvious. Although we agree that it is common knowledge that Lyme disease is spread by tick bites and there is no question that claimant contracted the disease, the causal connection between claimant's employment and the ultimate manifestation of the disease is not immediately discernible.

In this matter, there is no evidence that a specific work incident occurred which gave rise to claimant's disability.[3] Claimant did generally state that he was exposed to insects on a regular basis while performing his job duties. Reproduced Record (R.) at 9a. The significance of the statement in this workers' compensation proceeding, however,

1. This court's scope of review is limited to determining whether there has been a violation of constitutional rights, error of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

2. Act of June 2, 1915, P.L.736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

3. We have held that unequivocal medical testimony is not necessary to establish causation if a claimant's injuries are the natural and probable result of a work accident. *See Metelo v. Workmen's Compensation Appeal Board (Old Original Bookbinders)*, 164 Pa.Cmwlth. 348, 642 A.2d 653 (1994) (medical testimony not necessary when claimant contracted hepatitis one month after eating a meal at employer's restaurant) and *Yellow Cab Co. v. Workmen's Compensation Appeal Board (Sisco)*, 37 Pa.Cmwlth. 337, 390 A.2d 880 (1978) (medical testimony not necessary when claimant suffers subdural hemotoma one month after being in a vehicular accident while in the course and scope of his employment). This matter, however, is distinguishable from these cases in that claimant did not establish a particular work incident which would allow us to determine whether claimant's Lyme disease is the natural and probable result thereof.

is undermined by the fact that claimant, like the general population, is continuously exposed to insects and therefore, Lyme disease, outside of his employment.[4] Thus, we conclude that claimant needed to provide unequivocal medical testimony establishing the link between the Lyme disease and his employment in order to satisfy the burden of proof on the claim petition.

■ Since claimant's medical witness clearly failed to causally relate claimant's condition to his work activities, we affirm the order of the board.[5]

### ORDER

AND NOW, this 13th day of August, 1998, the order of the Workers' Compensation Appeal Board, dated December 10, 1997, at No. A96–1136, is affirmed.

---

4. We note that Lyme disease is not enumerated as an occupational disease under section 108 of the Act, 77 P.S. § 27.1, which would have provided claimant with the presumption of causation set forth in section 301(e) of the Act, 77 P.S. § 413.

5. Because this is a case of first impression in the Commonwealth, we note the following decisions from Florida, Idaho and Arizona respectively. *See, e.g., Foxbilt Electric and Florida Insurance Guaranty Association v. Stanton,* 583 So.2d 720 (Fla.Dist.Ct.App.1991) (contraction of Lyme disease compensable when claimant was bitten at work, reported the bite to his supervisor and supervisor saw the tick); *Koester v. State Insurance Fund,* 124 Idaho 205, 858 P.2d 744 (1993) (contraction of Lyme disease not compensable because claimant did not provide sufficient evidence establishing that she received a tick bite, which allegedly caused the disease, in the course of her employment even though she noticed a bite mark on her ankle while at work); and *Montgomery v. Industrial Commission of Arizona,* 173 Ariz. 106, 840 P.2d 282 (App.1992) (contraction of Lyme disease compensable where claimant testified that he noticed a tick bite on his shoulder while attending a training program at the request of his employer).