IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruddy Rosario, : 
                 :
           Petitioner : 
   v. : No. 624 C.D. 2023
                 :
Westport Axel Co., LLC (Workers' : 
Compensation Appeal Board), : 
                 :
           Respondent : Argued: April 9, 2024


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOLF                FILED: May 6, 2024


       Ruddy Rosario (Claimant) petitions for review from orders of the Workers' Compensation Appeal Board (Board), affirming orders of a Workers' Compensation Judge (WCJ), denying Claimant's claim petitions. For the reasons that follow, we affirm.

## BACKGROUND

       Claimant was employed at Westport Axle Co., LLC (Employer).[1] Part of Claimant's job duties included putting axles on trucks. On March 19, 2021, Claimant was attempting to "get a piece loose from the rack" and was hitting it with a hammer. WCJ's Opinion, Finding of Fact (F.F.) No. 16b.[2] Once the piece came

---

[1] The Petition for Review spells Employer's name incorrectly.

[2] The WCJ issued two identical opinions. They are found at pages 119a-136a of the Reproduced Record (R.R.).

loose, Claimant's left testicle began to hurt. Although nothing came into contact with Claimant's testicle, he nevertheless experienced significant pain in that location. *Id.*

Following the incident, Claimant went to find a supervisor. He was unable to find anyone to whom he could report his injury, so he left work. WCJ's Opinion, F.F. No. 16b. Thereafter, Claimant sat in his car in pain and ultimately called his wife because he could not drive his vehicle. *Id.*

Claimant's testicle began to swell when he returned home. He eventually went to the emergency room two days after the incident. Claimant was given a note for light-duty work that he provided to Employer. WCJ's Opinion, F.F. No. 16c. When he returned to work on April 7, 2021, Claimant was told there was no light-duty work available and he was returned to his original position. *Id.*, F.F. Nos. 16c, 17a. He worked in his original position for approximately four hours but continued to have pain in his left testicle. He stopped working before he "injured [himself] more." *Id.*, F.F. No. 17a. Claimant then reported his injury to Employer and left work. Afterwards, he immediately reported to the hospital. *Id.* Claimant received correspondence from the hospital that he asked a co-worker to deliver to Employer. *Id.*, F.F. No. 16d.

Claimant returned to work for Employer and was placed in a light-duty position "putting in some screws and then, lifting a box[.]" WCJ's Opinion, F.F. No. 16e. Claimant told Employer he could not perform the job. *Id.* His last day of work for Employer was April 30, 2021. *Id.*, F.F. No. 16f. Claimant had testicular surgery on June 28, 2021, and continues to not work. *Id.*, F.F. No. 17d.

Claimant filed a claim petition on April 30, 2021, alleging a date of injury of March 19, 2021. WCJ's Opinion, F.F. No. 1. On June 28, 2021, the claim petition

2

was dismissed without prejudice for failure to prosecute. Claimant refiled his claim petition on August 9, 2021 (first claim petition), once again alleging the date of injury was March 19, 2021. *Id.*, F.F. No. 2. A hearing was held before the WCJ on October 5, 2021, and a litigation schedule was established. *Id.*, F.F. No. 4. Pertinent here, Claimant's evidence was to be completed no later than January 3, 2022. *Id.* Also at that hearing, Claimant's counsel limited the scope of his claim to Claimant's testicles. *Id.*, F.F. No. 15.

On November 5, 2021, Claimant filed a second claim petition (second claim petition), alleging a date of injury of April 7, 2021. WCJ's Opinion, F.F. No. 5. Subsequently, on December 7, 2021,[3] Employer's counsel notified the WCJ that it would not be having an Independent Medical Examination (IME) performed on Claimant. *Id.*, F.F. No. 6.

A hearing was scheduled for December 22, 2021 to take evidence on Claimant's second claim petition. On December 16, 2021, Claimant's counsel requested a continuance of the December 22, 2021 hearing and asked that Claimant's first and second claim petitions be consolidated. WCJ's Opinion, F.F. No. 7. The WCJ granted the continuance but "noted that the litigation schedule, for both Claims, remained as outlined at the October 5, 2021 hearing." WCJ's Opinion, F.F. No. 8. At some point after the continuance was granted, the WCJ's office contacted Claimant's counsel regarding the status of Claimant's medical evidence. Claimant's counsel did not respond and the WCJ "contacted Claimant's counsel directly regarding his failure to respond to [her] office . . . ." WCJ's Opinion, F.F. No. 9. In this regard, the WCJ states:

---

[3] The WCJ's opinion sets forth the date as December 7, 2022. WCJ's Opinion, F.F. No. 6. This appears to be a typographical error.

> Claimant's counsel was given until close of business on January 12, 2022 to provide my office with a date certain for his medical deposition or it would be precluded. Claimant's counsel did reply, and this [WCJ] granted Claimant a 45-day extension of time or until February 17, 2022 to complete his medical evidence.

*Id.* On February 15, 2022, Claimant's counsel took the deposition of Dr. Shawn Mendonca (Dr. Mendonca). *Id.*, at No. 10.

At an April 19, 2022 hearing, Claimant's counsel indicated to the WCJ that he intended to withdraw as counsel of record. The WCJ granted Claimant 30 days to secure new counsel. WCJ's Opinion, F.F. No. 12. Claimant appeared at a May 24, 2022 hearing with new counsel (Claimant's new counsel). The WCJ states:

> 13. . . . [Claimant's new counsel] requested permission to take an additional medical deposition in this case. This request was denied via an Interlocutory Order dated June 28, 2022. This determination was based upon the reliance of Employer on the litigation schedule and the fact that Claimant's prior counsel was given ample time to secure his medical evidence-and was even reminded by this [WCJ] that if he was having difficulty getting Claimant's treating doctor to testify, he could have Claimant examined by another physician. Allowing a Claimant to procure new counsel and obtain additional medical evidence at the end of a fully litigated matter would set a precedent that could lead to any attorney whose case goes south passing the case along to another attorney for a "second bite at the apple[.]"

> 14. It should also be noted that [Claimant's former counsel] made no requests for extensions or amendments to the litigation schedule due to any health concerns absent his request at the initial hearing for additional time to take Claimant's deposition. The first this Court heard of any issues or delays that were alleged to be related to [Claimant's former counsel's] health were in a June 30, 2022 letter from [Claimant's new counsel's] office.

4

*Id.*, F.F. Nos. 13-14.

Claimant, through interpreters, testified on several occasions about the nature of his employment and the events surrounding his alleged work-related injury. He stated that he has not worked since his June 28, 2021 testicular surgery, and that he does not feel physically capable of returning to any type of employment. WCJ's Opinion, F.F. No. 17c-17d. Claimant also stated that he has difficulty sleeping because of the pain in his testicle. *Id.* at No. 17e.

On July 5, 2022, Claimant, represented by new counsel, testified that he sees doctors "every day." WCJ's Opinion, F.F. No. 18a. At that time, Claimant stated he continues to have pain in his testicles and was seeing "Dr. Friedman and Dr. Ficchi" for treatment of his back and left knee. *Id.* Claimant did not start seeing Drs. Friedman and Ficchi until he was represented by his new counsel. *Id.*, F.F. No. 18g.

In further support of his claim petitions, Claimant presented the deposition testimony of Dr. Mendonca. Dr. Mendonca testified that he is board eligible in the field of urology and first treated Claimant on May 6, 2021. Claimant reported that he worked as a mechanic and that his testicular pain started about two weeks prior, when he was lifting heavy materials. WCJ's Opinion, F.F. No. 19b. Claimant indicated that the pain was constant. *Id.* The WCJ made the following findings concerning Dr. Mendonca's testimony:

> c. Dr. Mendonca considers himself Claimant's treating physician.
>
> d. Dr. Mendonca does not know if Claimant believes the March 19, 2021 work injury and his attempt to go back to work in April of 2021 caused or exacerbated his symptoms.

5

e. Dr. Mendonca determined that Claimant necessitated surgery. He performed the surgery.

. . .

g. Dr. Mendonca treats Claimant's testicular pain. He is uncertain as to the cause and effect of the pain. He is uncertain of any relationship between Claimant's symptoms and his job. He does not know if Claimant's work may be a contributing factor to Claimant's symptomatology.

h. Claimant's need for surgery was related to his symptomatology. Claimant's symptoms corresponded to the work-related event of March 19, 2021.

WCJ's Opinion, F.F. No. 19c-19h.

Employer did not present any medical evidence. WCJ's Opinion, F.F. No. 20.

While the WCJ found Claimant's testimony regarding his pain complaints and medical history to be credible, she nevertheless deemed Claimant's testimony concerning the causation of his pain complaints and their relatedness to his employment to be "less than credible." WCJ's Opinion, F.F. No. 22. The WCJ noted that "Claimant is not a medical expert and cannot determine the medical relationship between a specific event and a medical condition." *Id.*

The WCJ found Dr. Mendonca's testimony to be credible because it was uncontradicted and "he was candid about his inability to determine the cause of Claimant's condition and his need for surgery . . . ." WCJ's Opinion, F.F. No. 22.

The WCJ issued two identical opinions and orders on November 30, 2022-one addressing the first claim petition and the other addressing the second claim petition. The WCJ held that because Claimant failed to present competent medical evidence to support a finding that the incidents at work on March 19, 2021 and April 7, 2021 caused or exacerbated his testicular issues and need for surgery, Claimant

6

failed to meet his burden of proving that he sustained a compensable work-related injury. WCJ's Opinion, F.F. No. 24.

Claimant filed an appeal with the Board, arguing the WCJ erred in denying his new counsel's request to present additional medical evidence. In the alternative, Claimant argued that because the WCJ accepted his testimony, she should have found an obvious connection between the work incident and Claimant's alleged work-related injury. The Board rejected these arguments and affirmed.

## ISSUES

On appeal to this Court,[4] Claimant asserts that the Board erred in affirming the denial of his claim petitions where Claimant's testimony was found credible and there was an obvious temporal relationship between the work activity and the injury. Claimant further asserts that the WCJ erred in refusing to permit his new counsel to present medical testimony.

## DISCUSSION

We first address Claimant's argument that medical evidence was unnecessary because the causal connection between his employment and his injury was obvious. In a claim petition, the claimant has the burden of proving all the elements necessary to support an award, including the existence of a work-related injury resulting in disability and its duration. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). Where the causal relationship between the work incident and the disability is not obvious, unequivocal medical evidence is

---

[4] "[This Court's] review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed[,] or whether constitutional rights were violated." *DiLaqua v. City of Philadelphia Fire Department (Workers' Compensation Appeal Board)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Compensation Appeal Board (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)).

7

necessary to establish it. *Dennis v. Inglis House (Workers' Compensation Appeal Board)*, 303 A.3d 559, 564 (Pa. Cmwlth. 2023). "An obvious relationship exists where the claimant's injuries immediately and directly or naturally and probably result from a work incident; in such cases, the fact finder is not required to depend alone, or at all, upon medical testimony to find the causal connection." *Metelo v. Workmen's Compensation Appeal Board (Old Original Bookbinders Restaurant)*, 642 A.2d 653, 655 (Pa. Cmwlth. 1994). In *Giant Eagle, Inc. v. Workers' Compensation Appeal Board (Thomas)*, 725 A.2d 873, 876 (Pa. Cmwlth. 1999) (citation omitted), this Court noted:

> An obvious injury is one that immediately manifests itself while a claimant is in the act of doing the kind of work which can cause such an injury. A classic example would be the laborer who grabs his back in pain after lifting his shovel full of wet concrete. In such a case, the causal connection is so clear that a lay[]person can see the connection. Under such circumstances, the claimant's testimony is sufficient to connect the injury to the claimant's employment, and additional medical testimony is not required.

Claimant highlights his testimony to the effect that he felt immediate pain in his testicle area while using a hammer to strike and loosen a metal part. Claimant argues that this uncontradicted testimony is sufficient to show that an obvious work-related injury immediately manifested itself. Claimant further notes that the WCJ found Claimant's testimony credible as to his version of events.

Employer challenges Claimant's argument on several bases including, *inter alia*, that Claimant's claim petitions allege his injury occurred "while in the course of heavy lifting", yet Claimant did not testify that this was the mechanism of his injury. Employer's Brief at 25. Furthermore, Employer observes that Claimant recognized the necessity of medical evidence because he attempted to keep the

8

record open in order to submit such testimony. Most telling, however, is the fact that Claimant's own physician, Dr. Mendoca, could not testify as to the cause of Claimant's injury. *Id.* at 26.

We are not persuaded by Claimant's argument. Based on the facts presented in this case, we cannot say that a layperson could immediately determine the connection between Claimant hitting "the rack" with a hammer and the testicle injury. While Claimant testified that he felt pain after the metal part became loose, there is a difference between experiencing pain and suffering an obvious disabling injury that necessitates surgery.

Dr. Mendonca's testimony plays a significant part in us reaching this conclusion.[5] As Claimant's treating physician, Dr. Mendonca was uncertain of whether Claimant's work was a contributing factor to Claimant's symptomatology. Indeed, Dr. Mendonca testified, "As far as a cause and effect for what's causing his testicular pain, it's uncertain to me still today." Deposition of Shawn Mendonca, M.D., 2/15/22 at 72. He further stated on direct examination:

> Q. You testified in this deposition, Doctor, that you don't know whether there's a cause and effect between the work injury and the symptomatology presented to you by the patient, correct?
>
> A. Yes.
>
> Q. You have not stated that there is no cause and effect between the two events, correct?
>
> A. I'm not saying there's no cause and effect. I said I don't know if there's cause and effect.

---

[5] The full transcript of Dr. Mendonca's deposition is found at Exhibit 18 in the Certified Record.

9

*Id.* at 76-77.  Hence, if Claimant's expert could not testify that Claimant's disability was the result of a work-related injury, it stands to reason that a layperson would not be capable of making such a connection.

Next, we address Claimant's argument that the WCJ erred in not allowing his new counsel to present "after-discovered" medical evidence.  Claimant asserts that he "was required to seek subsequent counsel when his original counsel was unable to continue due to illness."[6]  Claimant maintains that the WCJ abused her discretion when she permitted Claimant's former counsel to withdraw but denied Claimant's new counsel's request to submit deposition testimony from Stephen F. Ficchi, DO.  Claimant contends that permitting this request would not have prejudiced Employer and that the WCJ's actions were manifestly unreasonable.  Claimant avers that the WCJ's ruling goes against the remedial nature and humanitarian objectives of the Workers' Compensation Act.[7]

In response, Employer argues that Claimant had ample notice and opportunity to comply with the WCJ's scheduling orders.  Employer submits that Claimant showed a pattern of delay throughout the litigation and, notably, although receiving multiple extensions, was able to depose only one witness (Dr. Mendonca) during the time afforded by the WCJ. As set forth above, Dr. Mendonca's testimony did not help Claimant meet his burden of proof.  Thus, Claimant's new counsel's attempt to present additional medical testimony was nothing more than an effort to get a proverbial "second bite at the apple."

---

[6] As was noted earlier, the WCJ's F.F. No. 14 indicates that former counsel did not request any extensions based on health issues, and the first the WCJ heard that issues or delays were related to former counsel's health was in a letter from Claimant's new counsel.

[7] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

The admission of evidence is within the sound discretion of the WCJ. *Washington v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 11 A.3d 48, 59 (Pa. Cmwlth. 2011). A WCJ may properly exclude evidence which is irrelevant, confusing, misleading, cumulative, or prejudicial. *Id.* A WCJ's determination regarding the admission of evidence will not be overturned without a showing of an abuse of discretion. *Id.* The Pennsylvania Supreme Court has stated that an abuse of discretion is "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgement exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of the record, discretion is abused." *Hainsey v. Pennsylvania Liquor Control Board*, 602 A.2d 1300, 1305 (Pa. 1992) (citing *Kelly v. County of Allegheny*, 546 A.2d 608, 610 (Pa. 1988)).

Based on our review of the record, we cannot say that the WCJ abused her discretion when she refused to allow Claimant's new counsel to present additional medical evidence. In this case, the WCJ gave Claimant's former counsel ample opportunity to present medical evidence. The medical evidence that counsel secured, just days before the WCJ's extended deadline concluded, was not beneficial to Claimant's case. Such an outcome does not entitle Claimant to yet another opportunity to buttress his case. An entry of appearance by new counsel just before a record closes does not dictate that additional evidence can or should be presented.

Here, the WCJ did not misapply the law, exercise manifestly unreasonable judgment, or show partiality, prejudice, bias, or ill-will. Quite to the contrary, she exhibited a desire to provide Claimant every available opportunity to make his case.

11

## CONCLUSION

In this case, there was no obvious causal relationship between the work incident and Claimant's injury; thus, unequivocal medical evidence was necessary to establish Claimant's entitlement to benefits. No such testimony was presented.

Further, the WCJ did not err or abuse her discretion by denying Claimant's new counsel the opportunity to present additional medical evidence.

Accordingly, the orders of the Board are hereby affirmed.


_____
MATTHEW S. WOLF, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruddy Rosario,                          :
                                        :
                    Petitioner          :
        v.                              :    No. 624 C.D. 2023
                                        :
Westport Axel Co., LLC (Workers'        :
Compensation Appeal Board),             :
                                        :
                    Respondent          :

# **O R D E R**


AND NOW, this 6th day of May 2024, the orders of the Workers' Compensation Appeal Board dated May 25, 2023 are hereby AFFIRMED.


_____
MATTHEW S. WOLF, Judge