Donald A. ABER, Petitioner,

v.

WORKMEN'S COMPENSATION AP-
PEAL BOARD (LUBRICATION SYS-
TEMS COMPANY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 23, 1996.

Decided April 4, 1996.

Seymour A. Sikov, for Petitioner.

Arthur J. Leonard and James L. Welsh, III, for Respondent.

Before DOYLE, and FLAHERTY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Donald Aber (Claimant) appeals a decision of the Workmen's Compensation Appeal Board (Board) affirming an order of a Workers' Compensation Judge (WCJ, formerly referee) that, *inter alia*, denied Claimant's petitions for an assessment of counsel fees and penalties under Pennsylvania's Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

 The primary issue in this appeal is whether Lubrication Systems Company (Employer) had a reasonable basis for originally contesting Claimant's request for workers' compensation benefits.[1]

---

1. Under Section 440(a) of the Act, 77 P.S. § 996(a), the award of attorney's fees is the rule in workers' compensation cases and their exclusion is the exception, to be applied only where the record establishes that an employer's contest was reasonably based. *Cunningham v. Workmen's Compensation Appeal Board (Franklin Steel Co.)*, 634 A.2d 267 (Pa.Cmwlth.1993). The em-

Claimant alleged that he suffered a work-related back injury on February 19, 1990, when he felt his back "pop" while removing a pump from a barrel of grease at work. Employer issued a notice of workers' compensation denial on March 28, 1990. In April 1990, Employer received from Dr. John W. Bookwalter, III, a medical report attributing Claimant's physical problems to a work injury on February 19, 1990. Dr. Bookwalter's deposition was not taken until June 1992. In October 1992, Employer received a report from Dr. Neil A. Busis, who had examined Claimant at the request of Employer's insurance carrier. That report also attributed Claimant's disability to a work injury on February 19, 1990. In December 1992, Employer's insurer acknowledged liability and issued a notice of compensation payable.

Dr. Bookwalter's opinion of a work-related injury was based on the assumption that, as Claimant reported, Claimant twisted his back while pulling a pump out of a grease bucket on February 19, 1990. (Deposition of Dr. William Bookwalter, III, June 4, 1992, pp. 20–21, 23). He also testified that his opinions might change if the facts upon which those opinions were based changed. (*Id.*, p. 47). This is significant because, on March 19, 1990, one month after Claimant's injury, and before Employer initially denied compensation, claims examiner Nancy J. Bauer had spoken with Employer's manager, Frank Farina. Contrary to Claimant's statement to the claims examiner, Farina stated that Claimant did not perform heavy work; he added that Claimant came to work every Monday saying his back hurt, had moved two weekends before the date of the alleged injury, had missed a lot of work due to back pain and would come in to work, say that his back hurt, and leave; Farina also said that Claimant had shown him a scar from prior back surgery. (Finding of fact no. 22, WCJ's deci-

sion, August 27, 1993). This original statement sufficiently raised the question of whether Claimant's back problems on and after February 19, 1990 were actually due to a work accident.[2]

Moreover, in September 1991, while opposing Claimant's request for benefits, Employer presented the lay testimony of Farina and Thomas A. Davis, Employer's service manager, which testimony supports a contention that a work accident never occurred. Farina essentially repeated what he had told the claims examiner and testified that, before he left work on the morning of February 19, 1990, he observed Claimant working on a pump that was in a vise, and did not see Claimant lift any pump. (Notes of Testimony, September 24, 1991, pp. 5–6). Davis testified that, on the morning of February 19, 1990, he worked approximately ten feet from Claimant from shortly after 8:00 a.m. until Davis let Claimant leave work to see his chiropractor after 11:00 a.m.; Claimant had complained of back pain at approximately 10:00 a.m.; before those complaints, Davis did not see Claimant lift the pump—which was in a vise during the entire morning—at all, or put it in a vat of grease; Claimant did not make specific complaints about experiencing a "pop" in his back; and Claimant had periodically complained of back pain in previous weeks. (*Id.*, pp. 13–16).

Based on the testimony of Farina and Davis, the WCJ found Employer's contest reasonable and the Board affirmed the WCJ's determination. We affirm.

■ The briefs submitted in this case are acutely demonstrative of the issue involved. Claimant stresses the medical aspects of these proceedings while paying relatively scant attention to the evidence from Farina and Davis.[3] Employer, on the other hand,

ployer has the burden of presenting sufficient evidence to establish the reasonable basis for its contest. *Id.* Reasonableness of contest is a conclusion of law subject to our review. *Edwards v. Workmen's Compensation Appeal Board (R.C. Kadyk Corp.),* 149 Pa.Cmwlth. 597, 613 A.2d 667 (1992).

**2.** Further, Farina's statement to the claims examiner early in this case supports the WCJ's finding that Employer did not improperly delay the reso-

lution of the claim or fail to investigate promptly. We therefore reject Claimant's additional contention here that the WCJ erred in denying penalties in that respect.

**3.** Claimant does challenge Farina's testimony by arguing that Farina left work one half hour before Claimant injured his back. However, although it is now obvious that Farina's testimony is not directly probative of whether Claimant lifted a pump at the specific time Claimant testi-

emphasizes the testimony of Farina and Davis on whether an accident occurred and almost ignores the medical evidence. As a matter of fact, considering the medical evidence alone, Claimant makes a persuasive argument for the assessment of counsel fees. However, the lay testimony, particularly that of Davis, if credited over Claimant's testimony in an exercise of the WCJ's sole prerogative, would have provided a basis for discounting the medical evidence on work-relatedness and established that Claimant did not sustain a work-related injury on February 19, 1990.[4] Indeed, this is essentially the premise of the WCJ's decision. (*See* finding of fact no. 29, WCJ decision, August 27, 1993).

We therefore conclude that this case is governed by those decisions holding that an employer has a reasonable basis for contest if it has lay testimony or other evidence that no work accident occurred, or a similar reasonable and potentially credited defense, despite the fact that it cannot or does not contest medical conclusions. From *United States Steel Corporation v. Workmen's Compensation Appeal Board (Repko)*, 55 Pa. Cmwlth. 250, 422 A.2d 1243 (1980), to *McGuire v. Workmen's Compensation Appeal Board (H.B. Deviney Co.)*, 591 A.2d 372, 140 Pa.Cmwlth. 68 (1991), this Court has consistently held that, where an employer has evidence a work-related accident did not occur in the first instance, that evidence is sufficient for a WCJ to find a reasonable basis for contest.[5]

Thus, we affirm the order of the Board sustaining the WCJ's decision.

## ORDER

AND NOW, this 4th day of April, 1996, the order of the Workmen's Compensation Appeal Board, No. A93–2677, dated September 19, 1995, is hereby affirmed.

---

fied he injured himself, we reiterate that Farina's initial statement was nonetheless sufficient to raise a question of work-relatedness, and his subsequent testimony continued to bear on that question. As for the testimony of Davis, who was present at the time Claimant stated he was injured, Claimant points out that the testimony was not provided until well over a year after the injury. We do not ascribe the same significance to that fact as does Claimant. Because Farina's statement was taken by the claims examiner one month after the injury, Employer's contest appears to have been reasonable from that early point, irrespective of the fact that Davis had not yet provided his evidently more specifically probative testimony on whether Claimant was injured lifting a pump.

4. This circumstance and the existence of Farina's original statement distinguishes this case from

*Yeagle v. Workmen's Compensation Appeal Board (Stone Container Corp.)*, 157 Pa.Cmwlth. 597, 630 A.2d 558, 560 (1993), where "after-acquired medical opinions" followed "long periods of uncontradicted proofs" and the employer, "without any factual basis," continued to contest a claim.

5. *See also Thissen v. Workmen's Compensation Appeal Board (Hall's Motor Transit)*, 137 Pa. Cmwlth. 227, 585 A.2d 612 (1991), *petition for allowance of appeal denied*, 528 Pa. 619, 596 A.2d 802 (1991); *Buckley v. Workmen's Compensation Appeal Board (Corbo's AM PM Mini Market)*, 109 Pa.Cmwlth. 64, 530 A.2d 530 (1987); *Cleaver v. Workmen's Compensation Appeal Board (Wiley)*, 72 Pa.Cmwlth. 487, 456 A.2d 1162 (1983).