**Karen HANSEN, Petitioner**

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (STOUT ROAD
ASSOCIATES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 1, 2008.

Decided Sept. 26, 2008.

Daniel J. Siegel, Havertown, for petitioner.

Audrey J. Copeland, King of Prussia, for respondent.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

The sole issue presented in this appeal is whether a Workers' Compensation Judge (WCJ) erred by concluding Stout Road Associates (Employer) presented a reasonable contest of Karen Hansen's (Claimant) petition for workers' compensation benefits. Claimant contends Employer lacked a reasonable basis to contest the claim petition because it based its defense exclusively on after-acquired evidence, failed to present factual evidence or defenses to the claim petition, and failed to present evidence in support of its affirmative defense. We affirm.

In May 2004, Employer hired Claimant as a restaurant waitress. Her duties included taking food orders, serving food, clearing tables and using trays. Claimant also assisted in setting up and cleaning the dining room. Claimant later performed additional jobs for Employer, including taking and delivering room service orders and waitressing banquets.

Importantly, Claimant began working as a waitress at the age of 17. When hired by Employer, Claimant also worked as a waitress for another restaurant. Claimant's duties at her second job were similar to her duties with Employer: setting tables, serving food and cleaning the dining area. However, the jobs differed in that Claimant had to carry fully loaded trays of food or dinnerware while working for Employer; she did not clear her own tables at her second job. Claimant simultaneously worked both jobs for a period of 10 or 11 months.

In May 2005, Claimant began experiencing numbness and tingling in her right hand and similar symptoms appeared in her left hand about a month later. An orthopedic surgeon diagnosed bilateral carpal tunnel syndrome. After conservative treatment failed, Claimant underwent right hand carpal tunnel decompression in November 2005. She returned to unrestricted work in January 2006. In the interim, Employer issued a December 2005 notice of compensation denial averring Claimant did not suffer a work injury.

In April 2006, Employer informed Claimant she had to stop working due to her difficulty in lifting trays. Claimant subsequently underwent left hand carpal tunnel decompression in May 2006. Her orthopedic surgeon released her to work in July 2006. Claimant did not return to work with Employer.[1]

In July 2006, Claimant filed a claim petition for benefits. Describing her injuries as bilateral carpal tunnel syndrome, Claimant sought total disability benefits for intermittent periods between November 2005 and July 2006. She also sought medical expenses, costs, and unreasonable contest attorney fees.

---

1. Claimant testified that she accepted Employer's offer of a non-waitressing position but Employer failed to follow through on the offer. Reproduced Record (R.R.) at 30a. She worked briefly as a bill collector while going to school full time. *Id.* at 36a. At the time of the WCJ hearing, she was working as a waitress again. *Id.*

Employer timely denied the allegations in claim petition. It averred Claimant was diagnosed with carpal tunnel since 2004. Reproduced Record (R.R.) at 6a. Therefore, Claimant's injury was a pre-existing condition and not a work injury.

At a WCJ hearing, Claimant testified as noted above. In addition, she denied any pain in her hands before working for Employer. Claimant testified her hands "feel great" and she has since returned to work as a waitress.

In support of her claim petition, Claimant offered her orthopedic surgeon's treatment notes, post-operative hospital notes, and September 21, 2006 medical report.[2] In his report, the orthopedic surgeon opined Claimant's work as a waitress caused her bilateral carpal tunnel syndrome. R.R. at 54a. Claimant also filed a certification of counsel fees. *Id.* at 77a–92a.

Opposing the claim petition, Employer offered the medical report of its doctor (Employer's medical expert), who conducted an independent medical examination (IME) of Claimant on September 13, 2006. Employer's medical expert also diagnosed bilateral carpal tunnel, status post bilateral carpal tunnel release. However, he opined Claimant's work activities did not cause her carpal tunnel syndrome. *Id.* at 75a. Claimant's self-described medical history and explanation of job duties provided the basis for his opinion. *Id.*

The WCJ found Claimant sustained a work injury in the nature of bilateral carpal tunnel syndrome based on Claimant's credible testimony and her medical evidence. The WCJ awarded Claimant total disability benefits for the periods of November 14, 2005 through January 6, 2006, and April 16 through July 4, 2006. The former period represents the time Claimant was off work due to her right hand carpal tunnel surgery. The latter period begins the day Employer told Claimant she could no longer work as a waitress and ends the day her orthopedic surgeon released her to work (Claimant's left hand carpal tunnel surgery occurred in the interim).

The WCJ made other findings regarding notice of the injury, Claimant's medical care, and costs of litigation and counsel fees. At issue here is the WCJ's Finding of Fact (F.F.) No. 9j: "[Employer] presented a reasonable basis for the contest of all of the matters herein." WCJ Op., 4/02/07, at 6.[3] Claimant appealed the WCJ's decision to the extent it held Employer's contest reasonable. On appeal, the Board affirmed.

Claimant now raises similar arguments presented to the Board: Employer's contest of the claim petition was unreasonable because it based its defense exclusively on after-acquired evidence, failed to present factual evidence or defenses to the claim petition, and failed to present evidence in support of its affirma-

---

**2.** Section 422 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of June 26, 1919, P.L. 642, 77 P.S. § 835, relevantly provides:

Where any claim for compensation at issue before a [WCJ] involves fifty-two weeks or less of disability, either the employe or the employer may submit a certificate by any health care provider as to the history, examination, treatment, diagnosis, cause of the condition and extent of disability, if any, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or reports.

**3.** The WCJ subsequently issued an amended order to correct an error in Claimant's disability rate. Claimant's Br. at A–13.

tive defense. On appeal, we are limited to determining whether the WCJ's findings of fact are supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Watson v. Workers' Comp. Appeal Bd. (Special People in Northeast),* 949 A.2d 949 (Pa.Cmwlth.2008).

 Preliminarily, we note, Section 440 of the Act[4] contemplates an award of counsel fees to a claimant, in whose favor the matter has been finally adjudicated, unless the record shows the employer had a reasonable basis to contest liability. The employer bears the burden of proving a reasonable basis, and the question of whether a reasonable basis exists to contest liability depends on both the facts and legal issues involved. *Thissen v. Workmen's Comp. Appeal Bd. (Hall's Motor Transit),* 137 Pa.Cmwlth. 227, 585 A.2d 612 (1991). "A reasonable contest is established when medical evidence is conflicting or susceptible to contrary inferences, and there is an absence of evidence that an employer's contest is frivolous or filed to harass a claimant." *U.S. Steel Corp. v. Workers' Comp. Appeal Bd. (Luczki),* 887 A.2d 817, 821 (Pa.Cmwlth. 2005), *appeal denied,* 587 Pa. 726, 899 A.2d 1125 (2006). Because the issue of reasonable contest is a question of law, this Court must examine the entire record to determine if the evidence presented supports the WCJ's conclusion. *Striker v. Workmen's Comp. Appeal Bd. (California Univ. of Pa.),* 168 Pa.Cmwlth. 298, 650 A.2d 1109 (1994).

Claimant contends Employer based its contest exclusively on after-acquired evidence. Claimant acknowledges she fully recovered as of July 4, 2006; however, Employer's medical expert did not conduct an IME until September 13, 2006, some nine months after Employer issued its December 2005 notice of denial. Claimant cites numerous cases addressing when after-acquired evidence in workers' compensation proceedings may not support a reasonable contest. Most notably, she cites *Yeagle v. Workmen's Compensation Appeal Board (Stone Container Corp.),* 157 Pa.Cmwlth. 597, 630 A.2d 558 (1993) (to reasonably contest an injury is not work-related, an employer must have in its possession at the time decision to contest is made or shortly thereafter, medical evidence supporting that position) and *Spangler v. Workmen's Compensation Appeal Board (Ford),* 145 Pa.Cmwlth. 56, 602 A.2d 446 (1992) (the employer engaged in unreasonable contest where it issued a notice of compensation payable ten months after the injury, seven months after receipt of a medical report, and four months after an IME confirmed the work injury).

We initially note Employer decided to contest liability through its December 2005 notice of denial when it asserted Claimant did not sustain a work injury. *See* Section 406.1 of the Act ("[i]f the insurer controverts the right to compensation it shall promptly notify the employe ..." stating the grounds upon which the right to compensation is controverted....);[5] *Kuney v. Workmen's Comp. Appeal Bd. (Continental Data Sys.),* 127 Pa.Cmwlth. 628, 562 A.2d 931 (1989). Upon examination, the following circumstances support the WCJ's conclusion that Employer presented a reasonable contest to the claim petition.

At the time Employer filed its notice of denial, only five medical records were available for review. Of these five, only one progress note, from the examination of June 22, *2005,* made reference to possible causation:

---

**4.** Added by the Act of February 9, 1972, P.L. 25, 77 P.S. § 996.

**5.** Added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1.

Patient is a 21–year–old right hand dominant female who has *numbness and tingling for over a year* in her right hand with frequent night awakenings and mild symptoms in the left hand.

\* \* \*

This patient is a 21–year–old female with carpal tunnel. *She works as a waitress* and carries her trays mainly on her left side. *She is moderately obese and this may be playing a role here.* R.R. at 64a (emphasis added). Nothing in the progress notes assigns causation to Claimant's work activities with Employer. Therefore, Claimant had no medical evidence establishing a causal relationship between her work activities and her carpal tunnel at the time Employer issued its notice of compensation denial.

Further, Claimant had been working in the service industry for slightly more than five and a half years, four of which preceded her work with Employer. Fact (F.F.) No. 3v; R.R. 47a. In addition, Claimant worked two jobs with similar duties for a period of 11 months before she quit her second waitressing job. F.F. No. 3c; R.R. at 17a.

Based on the progress note, the factfinder could determine a factor other than Claimant's work activities caused her carpal tunnel syndrome or that the onset of symptoms occurred in 2004 either before Claimant began work with Employer or during the period of dual employment. All together, the notations and inferences arising from this progress note provided a factual basis to contest the claim petition at the time of Employer's notice of denial.

Employer also promptly obtained its medical evidence after Claimant filed her petition for benefits. Within two months of the claim petition, and within five weeks of an answer, Employer's medical expert conducted an IME of Claimant and issued his report. R.R. at 73a. Employer's medical expert's report actually *preceded* Claimant's orthopedic surgeon's report by a week. Thus, at the time of the claim petition, Claimant lacked medical evidence establishing a causal relationship between her work activities and her carpal tunnel syndrome. *Compare* R.R. at 54a with R.R. at 73a.

As a final note, Claimant's orthopedic surgeon's medical report states: "[i]n summary, [Claimant's] diagnosis is bilateral carpal tunnel, which I believe is causally related to her work as a *waitress.*" R.R. at 54a (emphasis added). The surgeon's report does not assign Claimant's waitressing duties with *Employer* as the cause of her carpal tunnel. This is significant because Claimant's work history since the age of 17, with limited exceptions, was that of a waitress.

In sum, Employer had a factual basis to contest liability at the time it issued the notice of compensation denial; its expert medical opinion obtained shortly after Claimant filed for benefits further supported Employer's contest. The record as a whole supports the WCJ's determination Employer had a reasonable basis to contest the claim petition. *See SKF USA, Inc. v. Workers' Comp. Appeal Bd. (Smalls),* 728 A.2d 385 (Pa.Cmwlth.1999) (a party may be relieved of its evidentiary burden if the necessary proof is introduced by his adversary); *Aber v. Workmen's Comp. Appeal Bd. (Lubrication Sys. Co.),* 674 A.2d 353 (Pa.Cmwlth.1996) (in absence of medical evidence, lay testimony may establish reasonable contest of causation of injury, distinguishing *Yeagle); Thissen* (basis for contest not unreasonable on its face where the employer adduced evidence by cross-examination of witnesses).

■ Accordingly, we affirm.[6]

## ORDER

AND NOW, this 26th day of September, 2008, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**

6. Claimant also maintains Employer's contest was not reasonable because it failed to present evidence supporting the affirmative defense pleaded in its answer to the claim petition, preexisting condition known since 2004. However, the June 22, 2005 progress note, quoted in the body above, established complaints in the right hand "for over a year...." R.R. at 64a. This notation in the medical record received into evidence is sufficient to support the defense.

In conjunction with this argument, Claimant maintains the WCJ failed to issue a reasoned decision because he concluded without explanation that Employer presented a reasonable contest. Section 422(a) of the Act, 77 P.S. § 834, requires the WCJ to issue a "reasoned decision" containing findings and conclusions based on the evidence and explaining the WCJ's rationale for the decision. The purpose of Section 422 is to spare the reviewing court from having to imagine why the WCJ issued the order under review. *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.),* 893 A.2d 191 (Pa.Cmwlth.2006), *appeal denied,* 591 Pa. 667, 916 A.2d 635 (2007). Upon examination, we conclude the WCJ's decision provides sufficient basis for meaningful appellate review.