IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Medical Revenue Associates,    :
                               :
                    Petitioner :
                               :
        v.                     :  No. 1186 C.D. 2022
                               :  Submitted:  October 10, 2023
Sue Ellen Kanefsky (Workers'   :
Compensation Appeal Board),    :
                               :
                    Respondent :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 3, 2024


        Medical Revenue Associates (Employer) petitions for review of the

October 7, 2022 Order of the Workers' Compensation (WC) Appeal Board (Board).

The Board affirmed WC Judge (WCJ) Denice Krass's April 13, 2022 Order, which

applied Employer's subrogation credit as of January 17, 2019, and granted Sue Ellen

Kanefsky's (Claimant) Penalty Petitions under Section 435(d)(i) of the WC Act

(Act).[1]  On appeal, Employer argues that its subrogation credit should have been

applied to all past due indemnity benefits and that the record does not evidence any

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L.
25, 77 P.S. §991(d)(i).  In pertinent part, Section 435(d)(i) of the Act provides: an employer, in
violation of the Act, may be penalized up to 10 percent of the amount awarded, but may be
penalized up to 50 percent "in cases of unreasonable or excessive delays."  77 P.S. §991(d)(i).

violation of the Act - such that penalties are unwarranted. For the foregoing reasons, we affirm.

On January 19, 2015, Claimant sustained work-related injuries to her upper right leg, both knees, right foot, and right ankle. WCJ Opinion, 4/13/22, at Finding of Fact (F.F.) No. 1.[2] Claimant settled a third-party lawsuit relating to these injuries for $650,000.00 on or around August 3, 2018. *Id*. at F.F. No. 24(a). Subject to expenses, the balance of recovery for this settlement was $370,988.66. *Id*.

Prior to executing the third-party settlement agreement, Claimant filed a claim petition seeking, *inter alia*, WC benefits. In an order circulated on January 19, 2022, WCJ Joseph McManus found "Claimant was entitled to total disability benefits on and after January 19, 2015 at the weekly compensation rate of $475.50." WCJ Opinion, 4/13/22, at F.F. No. 1. Neither party appealed. Because Employer did not pay WC benefits pursuant to this order, Claimant filed the first of her instant Penalty Petitions. *Id*. at F.F. No. 3. Thereafter, Employer filed suspension, modification, and review petitions (Review Petition), "requesting subrogation and a credit for a third-party recovery of $650,000.00 as of January 16, 2019." *Id*. at F.F. No. 4. By May 15, 2019 Interlocutory Order, WCJ McManus ordered Employer to comply with his January 16, 2019 Order. *Id*. at F.F. No. 5. Claimant filed the second of her Penalty Petitions on June 20, 2019, contending Employer violated the Act by failing to abide by the WCJ's Interlocutory Order. *Id*. at F.F. No. 6. Ultimately, WCJ McManus granted Claimant's Penalty Petitions, while denying Employer's Review Petition. *Id.* at No. 7. Employer appealed this order to the Board. *Id*.

---

[2] The WCJ Opinion, dated April 13, 2022, may be found in the Reproduced Record (R.R.) at 103a–166a. Further, we will correct Employer's improper pagination of the Reproduced Record. *See* Pa.R.A.P. 2173 ("[T]he reproduced record . . . shall be numbered separately in Arabic figures and not in Roman numerals: thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc. . . .").

2

In an opinion dated June 3, 2021, the Board "specifically reversed WCJ McManus's denial of [] Employer's [Review Petition], vacated WCJ McManus's grant of the Penalty Petitions, and remanded for the WCJ 'to determine the net amount of subrogation [Employer] is entitled to.'" WCJ Opinion, 4/13/22, at F.F. No. 9.

On remand, WCJ Krass granted Employer's Review Petition as well as Claimant's Penalty Petitions. WCJ Opinion, 4/13/22, at F.F. No. 16. Relevant here, WCJ Krass concluded that "Employer ha[d] successfully proven its subrogation interest/lien in the amount of $370,988.66. As such, [] Employer is responsible for 42.92% of any future weekly benefits or $204.09 per week beginning on January 17, 2019[,] . . . until the subrogation interest of $370,988.66 is exhausted." *Id*. at F.F. No. 24(b). WCJ Krass found that Employer's subrogation lien was not effective until this time, because

> the underlying record clearly support[ed] that [] Employer was aware of the third[-]party litigation . . . and the settlement of the third[-]party litigation . . . but did not assert its right to subrogation during the initial litigation before WCJ McManus. **Additionally, [] Employer's pending [Review Petition] specifically requested subrogation and credit for third[-]party recovery as of January 16, 2019[,] not January 19, 2015**.

*Id*. at F.F. No. 20 (emphasis added). As for the Penalty Petitions, the WCJ opined:

> Employer violated the provisions of the Act by failing to comply with the January 16, 2019 Decision and Order of WCJ McManus and May 15, 2019 Interlocutory Order of WCJ McManus in that [] Employer engaged in self-help regarding the subrogation matter without a Court Order and continued to pay Claimant at a reduced rate through September of 2020, an excessive delay. As such, a penalty in the amount of 50% of the initial shortfall . . . is found to be warranted under the circumstances.

3

*Id*. at F.F. No. 24(c). All told, WCJ Krass found that, as of April 2019, Employer still owed Claimant and her counsel $103,716.42, subject to penalties. *Id*. at F.F. No. 24(b).

Employer appealed this decision on May 2, 2022, arguing: (1) WCJ Krass's decision did not consider Employer's subrogation interest in determining the amount Employer owes on past indemnity benefits, inconsistent with the Board's June 3, 2021 Opinion; and (2) the grant of the Penalty Petitions should be reversed and vacated.

In an opinion circulated on October 7, 2022, the Board affirmed WCJ Krass's order.[3] First, the Board noted that the past due benefits were predicated on figures that did not consider Employer's subrogation interest, because neither Employer, nor Claimant, brought Employer's subrogation interest to WCJ McManus's attention. Board Opinion, 10/7/22, at 6. Because this order was final, and neither party appealed it, "[the Board found] no error in the WCJ's calculations of Claimant's past due indemnity benefits . . . ." *Id*. at 7. Concerning Employer's purported violation of the Act, the Board agreed with WCJ Krass that Employer "engaged in self-help regarding the subrogation matter without a court order, and there was an excessive delay in [Employer's] payments to Claimant." *Id*. at 8. It is from this Board Opinion that Employer has filed a timely appeal.[4]

Employer first argues that under the third-party settlement agreement, Employer "is responsible for 42.92% of weekly benefits to satisfy its obligation to

---

[3] The Board Opinion, dated October 7, 2022, may be found in the Reproduced Record titled "WCAB Opinion 10/7/2022." R.R. at 178a-90a.

[4] Our review "in a [WC] appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

reimburse *pro rata* Claimant's fees and expenses until the $370,988.66 subrogation interest is exhausted." Petitioner's Brief at 12. Because WCJ McManus's January 16, 2019 order determined Employer was responsible for $475.50 per week in wage loss benefits, when applying the subrogation credit, Employer believes it is only responsible for $204.09 payable per week to Claimant. *Id*. at 13. Critically, Employer argues that this credit should apply towards all of Employer's past due indemnity benefits from the date of injury.[5] *Id*. Considering other expenses, Employer claims that Claimant and her counsel are only entitled to $101,033.22,[6] but have been paid $191,545.22 as of February 28, 2022, resulting in a $90,512.00 overpayment. *Id*. at 14-15.

Presently, the discrepancy between the Board's calculations of past due benefits and Employer's own calculations turns entirely on the effective date of the subrogation credit.[7] Hence, if the credit is to be applied beginning on January 17,

_____

[5] According to Employer, WCJ McManus's January 16, 2019 Order

> found a compensation rate of $475.50 per week. Pursuant to the [t]hird[-p]arty [s]ettlement agreement[, Employer] is responsible for 42.92% of weekly benefits which equals $204.09 . . . . The wage loss benefits payable from the date of injury through the date of decision is $42,538.19 ($204.09 per week for 208 weeks and 3 days [1/19/2015 - 1/16/2019]).

Petitioner's Brief at 14.

[6] Employer claims: "Altogether through the underlying litigation (2/28/2022), Claimant and Claimant's counsel are entitled to $101,033.22 ($67,824.66 payable pursuant [to] the 1/16/2019 Decision + $33,208.36 payable from the date of the decision through the underlying litigation = $101,033.22)." Petitioner's Brief at 14.

[7] The right to subrogation is supported by the following threefold rationale: "to prevent double recovery for the same injury by the claimant, to ensure that the employer is not compelled to make compensation payments made necessary by the negligence of a third party, and to prevent **(Footnote continued on next page…)**

2019, as the WCJ found, then no overpayment has occurred. To that end, Section 319 of the Act, 77 P.S. §671, provides in relevant part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer[.]

Although it is true that "subrogation is 'automatic,' and 'by its terms, admits no express exceptions, equitable or otherwise[,]'" an employer nevertheless bears the burden of establishing its right to subrogation. *Young v. Workers' Compensation Appeal Board (Chubb Corporation)*, 88 A.3d 295, 302 (Pa. Cmwlth. 2014).

> To establish its right to subrogation, the employer must demonstrate that it was compelled to make payments due to the negligence of a third party and that the fund against which the employer seeks subrogation was for the same injury for which the employer is liable under the Act. Whether an employer is entitled "to subrogation is a question of law based upon the facts as found by the WCJ."

*Id. See also Serrano v. Workers' Compensation Appeal Board (Ametek, Inc.)*, 154 A.3d 445, 450 (Pa. Cmwlth. 2017); *Kalmanowicz v. Workers' Compensation Appeal Board (Eastern Industries, Inc.)*, 166 A.3d 508, 511 (Pa. Cmwlth. 2017). Therefore, the onus of asserting its right to subrogation lies squarely with Employer.

In light of the above, we discern no error in WCJ Krass's determination that Employer's subrogation credit should be applied beginning on January 17, 2019. As the same noted, Employer did nothing to demonstrate its entitlement to subrogation until it filed its Review Petition on April 15, 2019, wherein it

---

a third party from escaping liability for his negligence." *Dale Manufacturing Co. v. Bressi*, 421 A.2d 653, 654 (Pa. 1980).

specifically requested that the WCJ order application of its subrogation credit as of January 16, 2019. *See* R.R. at 37a. For lack of a better phrase, and based on a review of its own filings, Employer got what it asked for. However, in now asking this Court to apply its subrogation credit toward all of Claimant's past due indemnity benefits, Employer would have us circumvent its burden of asserting its subrogation right. We decline to do so.

Further, as the Board correctly noted, the decision of a WCJ is a final order. Section 418 of the Act, 77 P.S. §833, states in relevant part: "The findings of fact made by a [WCJ] to whom a petition has been assigned or any question of fact has been referred . . . shall be final, unless an appeal is taken under this [A]ct." *See also* 34 Pa. Code §131.111(b) ("The decision of the [WCJ] will be a final order, subject to a correction or amendment under [Section ]131.113 (relating to correction or amendment of decision) or appeal.").

Here, WCJ McManus found as fact that Claimant became temporarily totally disabled on January 19, 2015, and was entitled to a weekly compensation rate of $475.50, subject to a credit for unemployment. WCJ Opinion, 1/16/19, at F.F. Nos. 22-23, 25. As such, these findings became final, and crediting Employer's subrogation lien toward Claimant's past due benefits would effectively attack WCJ McManus's final order. Thus, the Board did not err when it observed:

> Initially, we must point out that even though both parties were aware of Claimant's third-party settlement prior to WCJ McManus'[s] Order on January 16, 2019, neither party notified WCJ McManus of the settlement. Therefore, when he ordered payment of past due amounts, he necessarily did not include a subrogation credit. Additionally, neither appealed WCJ McManus'[s] January 16, 2019[] Decision and Order. As a result, it became a final order and obligated [Employer] to pay Claimant's benefits at the full weekly amount of $475.50 beginning

7

on the date of her injury until January 17, 2019, when it began taking the subrogation credit resulting in a weekly payment of $204.09. The parties, as well as the Board, are bound by the final unappealed Order. We find no error in the WCJ's calculations of Claimant's past due indemnity benefits.

Board Opinion, 10/7/22, at 7. Because Employer owed full compensation from the date of injury through January 16, 2019, no overpayment occurred.[8]

Finally, Employer also contends that its statutory subrogation rights under Section 319 of the Act, 77 P.S. §671, are absolute. Petitioner's Brief at 16. Because Claimant bears the burden of proof in establishing a violation of the Act, and, in its view, Claimant did not establish a violation by competent evidence, the WCJ and Board erred in finding a violation. *Id.* at 17. Employer also asserts that it cannot be deemed to have violated the Act for engaging in self-help, because the record demonstrates that Claimant has been overpaid. *Id.* at 17-18.

Conversely, Claimant argues "[u]nquestionably, [] Employer in this matter ignored multiple judicial orders and determinations in this case and exercised 'self-help' and delayed the full payment of compensation to [C]laimant, all in the interest of securing [its] subrogation lien without a Court Order or fully executed [t]hird[-p]arty [s]ettlement [a]greement." Respondent's Brief at 6. Finally, Claimant argues that her Penalty Petitions were appropriate, despite the recognition of Employer's right to a subrogation lien, because Employer refused to pay the full amount of indemnity benefits owed based on Employer's unilateral calculation of payments. *Id.* at 6-7.

Regarding the Penalty Petitions:

---

[8] We also emphasize that this outcome does not corrode the right to subrogation. To the contrary, this outcome ensures that Employer will receive the benefit of its subrogation lien until it is exhausted while also respecting the finality of WCJ McManus's January 16, 2019 Order.

> Section 435(d)(i) of the Act, [77 P.S. §991(d)(i),] . . . provides that an employer may be penalized ten percent of the amount awarded for its failure to comply with the Act or its supporting regulations and that, **in cases of unreasonable or excessive delays**, the penalties may be increased up to fifty percent. A claimant who files a penalty petition must first meet her initial burden to prove that a violation of the Act occurred. Thereafter, the burden shifts to the employer to prove that a violation of the Act has not occurred. The decision to impose penalties as well as the amount of penalties is within the discretion of the WCJ. The WCJ's decision regarding penalties will not be disturbed on appeal absent an abuse of discretion.

*City of Philadelphia v. Workers' Compensation Board of Appeal (Andrews)*, 948 A.2d 221, 228 (Pa. Cmwlth. 2008) (emphasis added) (citing *Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Commission)*, 745 A.2d 1282 (Pa. Cmwlth. 2000)).

"An employer violates Section 428 of the Act, [added by the Act of June 26, 1919, P.L, 642,] 77 P.S §921, if the employer does not begin to make payments within thirty days of the date on which its obligation to pay arises." *Thomas v. Workers' Compensation Appeal Board (Delaware County)*, 746 A.2d 1202, 1205 (Pa. Cmwlth. 2000). Similarly, Section 430(b) of the Act, 77 P.S. §971(b), states: "[a]ny insurer or employer who . . . refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in [S]ection 435 . . . ." Thus, an employer's failure to commence payment of compensation in accordance with a WCJ's order is sufficient to warrant the imposition of penalties. *See, e.g.*, *City of Philadelphia v. Workers' Compensation Appeal Board (Thompson)*, 264 A.3d 408, 412 (Pa. Cmwlth. 2021) (citing *Westinghouse Electric Corp., v. Workers' Compensation Appeal Board (Weaver)*, 823 A.2d 209, 213-14 (Pa. Cmwlth. 2014)).

9

Here, the Board affirmed the grant of Claimant's Penalty Petitions, because "[i]t is undisputed that [Employer] failed to make any payments to Claimant from the date she was injured on January 19, 2015 until April 2019, a period of more than four years" in violation of multiple WCJ orders. Board Opinion, 10/7/22, at 7-8. This established, by competent evidence, the requisite violation of the Act. *See* 77 P.S. §921; *and* 77 P.S. §971(b). Hence, Employer's repeated bald assertion that Claimant has failed to carry her burden in proving that a violation of the Act has occurred must fail. The closest that Employer comes to carrying its burden in response is by reiterating its argument that an overpayment has occurred, such that it has complied with the January 19, 2016 Order insofar as it was mitigated by the third party settlement agreement. Because we have already determined that no overpayment occurred, this argument necessarily fails. Nevertheless, we observe that the Act does not permit an employer to engage in self-help by unilaterally withholding payment in accord with what it believes to be the proper calculation of indemnity benefits. *See City of Philadelphia v. Workers' Compensation Appeal Board (Sherlock)*, 934 A.2d 156, 160 (Pa. Cmwlth. 2007) ("However, the Act does not give the employer the right of self-help, *i.e.*, the right to ignore the requirements of the Act and unilaterally suspend, terminate, modify or refuse to pay benefits without following the prescribed statutory remedies."). Thus, the Board did not err in affirming the WCJ's grant of the Penalty Petitions.[9]

---

[9] To the extent that Employer argues that the WCJ erred in finding it engaged in an unreasonable contest and awarding attorney's fees in the amount of 20% of the penalty award, this argument also fails. *See* Petitioner's Brief at 17-18. Section 440(a) of the Act, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §996(a), plainly and unambiguously provides that when an employer unreasonably contests a claim, the employee, in whose favor the matter has been resolved, shall be awarded a reasonable sum for costs incurred for attorney's fees. *See Ramich v. Worker's Compensation Appeal Board (Schatz Electric, Inc.)*, 770 A.2d 318, 322 (Pa. 2001). An **(Footnote continued on next page…)**

Accordingly, the Board's October 7, 2022 Order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

_____

unreasonable contest is presumed, such that Employer bears the burden of establishing a reasonable basis for its contest. *Hansen v. Workers' Compensation Appeal Board (Stout Road Associates)*, 957 A.2d 372, 375 (Pa. Cmwlth. 2008). To overcome this presumption, an employer must establish that its contest was prompted to resolve a genuinely disputed issue. *Essroc Materials v. Worker's Compensation Appeal Board (Braho)*, 741 A.2d 820, 826-27 (Pa. Cmwlth. 1999). "Because the issue of reasonable contest is a question of law, this Court must examine the entire record to determine if the evidence presented supports the WCJ's conclusion." *Hansen*, 957 A.2d at 375 (citing *Striker v. Workmen's Compensation Appeal Board (California University of Pennsylvania)*, 650 A.2d 1109 (Pa. Cmwlth. 1994)).

The WCJ determined Employer did not have a reasonable basis for contesting the Penalty Petitions, for the following reasons:

> [C]ounsel was required to attend multiple hearings before [WCJs], one of which involved the presentation of Claimant's testimony; counsel was required to attend a fact witness deposition; counsel prepared and filed briefs for the underlying litigation and for the appeal before the [Board]; [and C]ounsel is a known experienced [WC] attorney.

WCJ's Opinion, 4/13/22, at F.F. No. 24h. On this point, Employer once more reiterates that it made payment to Claimant as required by WCJ McManus's January 16, 2019 Order, but "pursuant to the [t]hird[-p]arty [s]ettlement agreement." Petitioner's Brief at 18.

As indicated, Employer's use of self-help clearly warranted the grant of Claimant's Penalty Petitions. Contesting it solely on the mistaken basis that it was justified in withholding compensation because of a purported overpayment does not satisfy the "genuinely disputed issue" needed to overcome the presumption of an unreasonable contest. For example, a reasonable contest might exist where there is disagreement over conflicting evidence or the evidence is subject to contrary inferences, *see Pennsylvania State University v. Workers' Compensation Appeal Board (Sox)*, 83 A.3d 1081, 1089 (Pa. 2013), but not here where the issue pertains to Employer's compliance with the final order of a WCJ. Consequently, the WCJ did not err in finding Employer engaged in an unreasonable contest and awarding attorney's fees.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Medical Revenue Associates,      :
      :
      Petitioner    :
      :
      v.      : No. 1186 C.D. 2022
      :
Sue Ellen Kanefsky (Workers'    :
Compensation Appeal Board),    :
      :
      Respondent  :

# **O R D E R**

AND NOW, this 3rd day of April, 2024, the Order of the Workers' Compensation Appeal Board dated October 7, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge