534 A.2d 571

Barbara McConnell, Petitioner *v.* Workmen's Compensation Appeal Board (Western Center), Respondents.

Argued October 5, 1987, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*John D. Hendricks,* for petitioner.

*Jerome P. Grossi,* Assistant Counsel, for respondent, State Workmen's Insurance Fund.

OPINION BY SENIOR JUDGE KALISH, December 8, 1987:

Petitioner, Barbara McConnell, seeks review of a decision of the Workmen's Compensation Appeal Board (Board) which reversed that portion of a referee's decision to award attorney's fees to petitioner upon concluding there was no reasonable basis to contest the claim. There is no appeal involving the basic award of compensation. We affirm the Board.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §996, provides:

Where the insurer has contested liability . . . the employee . . . in whose favor the matter at

issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fees . . . provided that cost for attorney fees may be excluded when a reasonable basis for the contest has been established.

The burden is on the employer to present sufficient evidence to establish a reasonable basis for the contest. *Edmond v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979).

The issue is not the credibility of the witnesses as determined by the fact finder, but whether the employer had a reasonable basis for the contest. Thus, on review we look at the totality of the circumstances since the reasonableness of a contest may not necessarily depend on a conflict in the evidence per se.

Whether the contest is reasonable is a question of law, subject to review by this court. As such, this court may examine the record to determine if the evidence presented supports the conclusion reached. *Edmond; Centorame v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 337, 474 A.2d 1220 (1984). In *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (White)*, 92 Pa. Commonwealth Ct. 318, 500 A.2d 494 (1985), the employer produced a medical examiner whose testimony was based on a post hoc examination *several months after the employer decided to contest the application of benefits.* We held that under such circumstances a finding of an unreasonable contest was supported by substantial evidence. That is not what happened in this case.

Petitioner gave notice of her injury on October 22, 1982. She had received treatment not only for her physical injuries, *but had undergone extensive psychotherapy for emotional and psychological problems, which were part of her claim for compensation* from the

very beginning. She had received such treatment until December 1983. Dr. Finkelhor, whose specialty was dealing with psychiatric and neurological problems, testified for the employer that he examined petitioner and reports submitted by her attending physician, Dr. Heath, who gave the opinion that petitioner, as a result of her injury, suffered psychological problems. Thus, from the very beginning, there were psychological issues of which the employer was aware. It was not something the employer conjured up simply as a contest.

Under the circumstances of this case, there was substantial evidence to support the finding that the contest was reasonable. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

Accordingly, we affirm.

ORDER

Now, December 8, 1987, the order of the Workmen's Compensation Appeal Board, No. A-89779, dated March 21, 1986, is affirmed.