630 A.2d 558

**Carl A. YEAGLE, Petitioner**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (STONE CONTAINER CORPORATION & Self–Insurers Service), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 25, 1993.

Decided Aug. 16, 1993.

598

Gary T. Harris, for petitioner.

Sheilah A. Tone, for respondents.

Before COLINS and PELLEGRINI, Judges, and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Carl A. Yeagle (Claimant) appeals an order of the Workmen's Compensation Appeal Board sustaining a referee's denial of counsel fees under Section 440 of The Pennsylvania Workmen's Compensation Act (Act)[1] by holding that Stone Container Corporation (Employer) had a reasonable basis for contesting his claim.

Claimant worked as a corrugator for Employer for approximately 14 years. His position entailed moving rolls of paper weighing up to 5,000 pounds onto a machine which manufactured corrugated cardboard. In addition, the work involved a significant amount of standing for the six-foot, eight-inch, 300 pound Claimant.

During a 20–hour shift on August 27, 1990, Claimant began to experience pain in his left foot after having previously worked four 12–hour days that week. During the course of the shift, the pain increased and Claimant noticed blood in his left sock, but completed the shift without complaint. After visiting the hospital on two separate occasions, he was diagnosed as having an infected Plantar's ulcer.

On September 10, 1990, Claimant filed a claim petition for workmen's compensation benefits, alleging that the infected Plantar's ulcer was work-related. Employer denied benefits and on December 10, 1990, referred Claimant to Dr. Robert G. Stevens for a medical examination. On December 12, 1990, Dr. Stevens submitted a report to the Employer finding Claimant's condition was work-related. However, following receipt of this report, the Employer's Personnel Manager, General Manager and Claims Service decided not to discontinue the contest of the claim.

Employer retained a second physician, Dr. David Naide, who, after reviewing Claimant's medical records, testified on August 27, 1991, that Claimant's condition was the result of obesity coupled with arthritis and a toe deformity, which over a long period of time created the ulceration. After first stating an opinion that Claimant's condition was not work-

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996.

related, he admitted on cross-examination that he had not been furnished with a description of Claimant's job duties and agreed that he could not really render an accurate opinion as to whether Claimant's work played any role in the injury without such a description.

The referee accepted the testimony of Claimant's physician, Dr. Beltz, and that of Dr. Stevens, and awarded benefits, finding the contingency fee agreement for 20% entered into between Claimant and his counsel to be reasonable. However, based upon the testimony of Dr. Naide, the referee found the Employer's contest to have been reasonable and declined to make the Employer responsible for attorney's fees. This appeal followed.[2]

■■■ The sole issue before us is whether the referee and the Board erred in excluding an award of counsel fees to Claimant upon his successful litigation of the claim. Under Section 440 of the Act, an award of reasonable attorney's fees is mandatory unless the employer demonstrates a reasonable basis for its contest. *McConnell v. Workmen's Compensation Appeal Board (Western Center)*, 111 Pa.Commonwealth 521, 534 A.2d 571 (1987).[3] Whether the evidence in the record establishes a reasonable contest is a question of law subject to this Court's review. *Spatola & Thompson v. Workmen's*

---

2. Our scope of review is limited by Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, in determining whether the findings of fact are supported by substantial evidence, whether the board committed an error of law, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

3. Section 440 of the Act provides:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for Attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed time to attend the proceedings: Provided [t]hat the costs incurred for attorney's fees may be excluded when a reasonable basis for the contest has been established....

77 P.S. § 996.

*Compensation Appeal Board,* 43 Pa.Commonwealth Ct. 137, 401 A.2d 877 (1979).

Claimant contends that in light of the testimony provided by his own medical expert linking the injury to work, and that of the physician who examined him at the behest of the Employer and reached the same conclusion, there was no factual basis to contest the claim. Further, he contends that the referee erred in relying on the testimony of the Employer's medical expert, Dr. Naide, to find the contest reasonable because it was not rendered until long after the decision to contest was made.

█ Initially, the Employer contested the claim because it did not believe Claimant's injury to be work-related. The Employer based its decision to contest on its own evaluation of Claimant's pre-existing medical condition coupled with consultation of its own company physician who felt that such an ulceration is not usually work-related. While these circumstances may have initially justified the contest, they did not justify its continuation after Dr. Stevens' December 12, 1990 report to the Employer, in which he concluded that Claimant's work was a "substantial factor" in the development of the ulceration. At this point, the uncontradicted medical evidence provided by Dr. Stevens as the physician chosen by the Employer to examine Claimant made any continuation of the contest unreasonable. *Glagola v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.),* 59 Pa.Commonwealth Ct. 80, 428 A.2d 1016 (1981).

Nor did Dr. Naide's testimony later lend reasonableness to the contest. Dr. Naide's opinion was not given until August 27, 1991, 11 months after the contest was initiated and nine months following the report of its first physician, Dr. Stevens, which established the causative link between Claimant's injury and his employment. In the period between December 12, 1990 and August 27, 1991, Employer had no medical evidence upon which to reasonably base its contest. In contrast, it did have Dr. Steven's report of December 12, 1990, as well as the testimony of Claimant's treating physician, Dr. Beltz, taken on

January 28, 1991, establishing that the injury was work-related.

■■■■ We have consistently held that after-acquired medical opinions issued after long periods of uncontradicted proofs do not, as a matter of law provide a reasonable basis for contesting a claim. *Jones & Laughlin Steel v. Workmen's Compensation Appeal Board (White)*, 92 Pa.Commonwealth Ct. 318, 500 A.2d 494 (1985) (examination eight months after claim does not provide reasonable basis for contest).[4] To reasonably contest that an injury is not work-related, an employer must have in its possession at the time the decision to contest is made or shortly thereafter medical evidence supporting that position. To allow after-acquired medical opinions to justify an employer's contest would allow the decision to deny compensation to be based not on what a medical opinion is, but on the hope that some kind of medical evidence can be elicited prior to hearing.

■■■■ Here, what might have begun as a reasonable contest became unreasonable when Employer was informed by its examining physician, Dr. Stevens, that Claimant's injury was work-related. Employer's decision became unreasonable once it continued to contest the claim without any factual basis in the hope that it could later find a medical witness who would provide it with the testimony to rebut Claimant's proof. Because Dr. Naide's testimony did not provide the Employer a reasonable basis for the contest, there was no basis to deny Claimant his award of attorney's fees under the Act.[5]

---

4. *See also MacNeill v. Workmen's Compensation Appeal Board (Denny's Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988) (testimony controverting disability coming 18 months after contest insufficient to provide reasonable basis); and *Drayton v. Workmen's Compensation Appeal Board (Fruehauf Corp.)*, 122 Pa.Commonwealth Ct. 344, 551 A.2d 680 (1988) (testimony eight months after decision to contest not sufficient basis to make out a reasonable contest).

5. Having concluded that the after-acquired medical opinion rendered by Dr. Naide did not give the Employer a reasonable basis to contest liability, we need not address Claimant's contention that Dr. Naide's testimony, found equivocal by the referee, was incompetent due to the Employer's having failed to provide him with Claimant's job description.

Accordingly, the order of the Board is reversed. Consistent with the referee's finding that the 20% contingency fee was reasonable in this case, the Claimant is awarded attorney's fees in that amount, payable by the Employer.

## ORDER

AND NOW, this 16th day of August, 1993, the order of the Workmen's Compensation Appeal Board, No. A92–0089, dated December 31, 1992, is reversed. Respondent is directed to pay attorney's fees in the amount of 20% of the compensation award.