**Sharene GINYARD, Petitioner,**

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (CITY OF PHIL-
ADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 26, 1999.

Decided June 29, 1999.

Stephanie R. Coleman, Philadelphia, for petitioner.

William C. McGovern, Philadelphia, for respondent.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Sharene Ginyard (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the Workers' Compensation Judge's (WCJ's) award of compensation but reversed the award of attorney's fees. We affirm.

On March 8, 1995, Claimant filed a claim petition alleging that she sustained a psychological injury as a result of an injury sustained on January 9, 1995, while employed by the City of Philadelphia (Employer) as a social worker. Employer filed an answer wherein it admitted that an injury took place, but denied that Claimant was disabled as a result thereof.

A hearing was conducted before the WCJ wherein both sides presented evidence. Claimant testified that as a social worker her job entailed investigating allegations of child abuse. On January 9, 1995, she and a co-worker went to the home of a woman who was suspected of child abuse. Claimant testified that the woman became agitated and struck Claimant twice in the face with a telephone.

Claimant notified the police, her supervisor and her administrator of the incident.

The following day, Claimant went to the medical center to receive treatment. Dr. Foster told Claimant to return to work, which she did and thereafter continued to work for a week. During that week, Claimant was afraid to go out into the field, and had trouble concentrating and sleeping. Claimant testified that she wanted to work but that she was not willing to go back into the field. Employer informed Claimant that there was no light duty and that if she didn't go into the field, she would be terminated. On January 11, 1995, Claimant sought treatment from Dr. Nelson, who prescribed anti-anxiety pills and recommended that Claimant see a psychiatrist. Claimant thereafter began treating with Dr. Odom–White, a psychiatrist.

Claimant's last day of work was January 18, 1995, and she thereafter used sick and vacation time. Her request for a medical leave of absence was denied February 23, 1995.

Employer's personnel officer, Stephen Friedman also testified. He confirmed that Claimant sustained an injury to her face on January 9, 1995, and that she was referred to the medical clinic. The doctor at the medical clinic released her to return to work that day and because Claimant was released to work, Employer did not consider her time off work after January 10, 1995, to be related to the assault. Thus, Employer issued a notice of compensation denial which acknowledged the injury but denied that the injury resulted in disability.

Dr. Odom–White, Claimant's treating psychiatrist also testified. Dr. Odom–White first treated Claimant on March 13, 1995, wherein Claimant complained of sleep disturbances, headaches, concentration problems, and had fears that her assailant was following her. Dr. Odom–White diagnosed Claimant as suffering from post-traumatic stress disorder as a result of the January 9, 1995, work injury.

Employer presented the testimony of Dr. Michals who performed a psychiatric evaluation of Claimant on October 9, 1995. Based on his examination of Claimant, he diagnosed Claimant as suffering from an adjustment disorder with depressed mood. He attributed this to the death of Claimant's parents, and opined that Claimant did not have a psychiatric disorder as a result of the work injury.

The WCJ credited Claimant's testimony and the testimony of Dr. Odom–White and rejected the testimony of Dr. Michals. The WCJ also found the testimony of Mr. Friedman credible to the extent it corroborated Claimant's testimony. As a result of the WCJ's credibility determinations, the WCJ awarded Claimant's claim petition but suspended those benefits as of April 15, 1996, the date Claimant returned to work for Employer. In addition, the WCJ determined that Employer's contest was unreasonable based upon the fact that Employer acknowledged Claimant's work-related injury yet filed a notice of compensation denial and awarded attorney's fees in the amount of $13,400.00. On appeal, the Board affirmed the WCJ's grant of benefits, but reversed the WCJ's grant of attorney's fees.

On appeal, the only issue before us is whether the Board erred in reversing the WCJ's grant of attorney's fees.[1]

In accordance with Section 440 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996, attorney's fees are to be awarded to the claimant unless the employer meets its burden of presenting sufficient evidence to establish a reasonable basis for the contest. *Delaware Valley*

---

1. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings are supported by substantial evidence. *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers Inc.),* 694 A.2d 405 (Pa.Cmwlth.1997).

*Fish Co. v. Workmen's Compensation Appeal Board (Woolford),* 151 Pa.Cmwlth. 387, 617 A.2d 48 (1992). Reasonableness of the contest is a legal conclusion subject to this court's review. *Ball v. Workmen's Compensation Appeal Board,* 19 Pa. Cmwlth. 157, 340 A.2d 610 (1975). As such, this court may examine the record to determine whether the evidence presented supports the conclusion. *McConnell v. Workmen's Compensation Appeal Board (Western Center),* 111 Pa.Cmwlth. 521, 534 A.2d 571 (1987).

Claimant contends that the Board erred in reversing the WCJ's grant of attorney's fees because the record is void of any rebuttal evidence by Employer showing that Claimant did not sustain a work-related injury and Employer did not have any evidence until nine months after the work-injury to contest Claimant's petition. Claimant relies on *Yeagle v. Workmen's Compensation Appeal Board (Stone Container Corp.),* 157 Pa.Cmwlth. 597, 630 A.2d 558 (1993.) The facts in that case are distinguishable from those here.

In *Yeagle,* the claimant filed a claim petition on October 10, 1990, alleging that he suffered a work-related injury in the form of an infected planter's ulcer. Employer denied benefits and thereafter referred the claimant for a medical examination. Employer's doctor, Dr. Stevens, submitted a report on December 12, 1990, finding that the planter's ulcer was work-related. However, the employer did not discontinue the contest of the claim. Rather the employer retained a second physician, Dr. Naide, who rendered an opinion on August 27, 1991, which was eleven months after the contest was initiated and nine months after the report of the employer's first physician. The second physician stated that the claimant's condition was not work-related but on cross-examination admitted that he did not have a description of the claimant's job duties and could not render an accurate opinion as to the work-relatedness of the claimant's injury without such a description.

This court reversed the WCJ's and Board's denial of attorney's fees, determining that the contest was not reasonable. We first observed that although the employer may have had a reasonable basis to contest the claim based on its own evaluation of the claimant's pre-existing medical condition and consultation with its own company physician who felt that such an ulceration is not usually work-related, there was no justification for the contest after Dr. Stevens, a physician chosen by the employer, concluded that the claimant's work was a substantial factor in the development of the claimant's ulceration. Moreover, Dr. Naide's August 27, 1991 testimony did not make the contest reasonable, because following the report of Dr. Stevens on December 12, 1990, which established the causative link between his employment and his injury, the employer had no medical evidence upon which to reasonably base its contest. This court cited *Jones & Laughlin Steel v. Workmen's Compensation Appeal Board (White),* 92 Pa.Cmwlth. 318, 500 A.2d 494 (1985) wherein we stated that "after-acquired medical opinions issued after *long uncontradicted* proofs do not, as a matter of law provide a reasonable basis for contesting a claim." *Yeagle,* 630 A.2d at 560 (emphasis added).

In this case, although Employer acknowledged that Claimant sustained a work-related physical injury on January 9, 1995, it denied that Claimant was disabled. Disability is synonymous with loss of earning power. *Eljer Industries v. Workers' Compensation Appeal Board (Evans),* 707 A.2d 564, 566 (Pa.Cmwlth.1998). Employer, in denying Claimant's petition relied on the fact that after being examined at the medical center the day after the incident, the doctor released Claimant to full duty. As it was Claimant's burden to prove both a work-related injury and that the injury resulted in disability, *Odd Fellow's Home v. Workmen's Compensation Appeal*

*Board (Cook),* 144 Pa.Cmwlth. 280, 601 A.2d 465 (1991), despite acknowledging the work-related injury, Employer presented sufficient evidence establishing a reasonable basis for the contest as the medical center released Claimant to return to work and Dr. Michals testified on behalf of the Employer that Claimant did not have a psychological injury as a result of the work-injury. Thus, contrary to the facts in *Yeagle,* where there was a long period of uncontradicted proof that the claimant suffered a work-related injury resulting in disability, there was no such period in this case.

Accordingly, as Employer presented sufficient evidence to establish a reasonable basis for the contest, the order of the Board is affirmed.

### *ORDER*

NOW, June 29, 1999, the order of the Worker's Compensation Appeal Board at No. A97–3049, dated October 7, 1998, is affirmed.