IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Malecki, : 
                Petitioner : 
                 : 
      v. :   No. 582 C.D. 2020
                 :   Submitted: October 9, 2020
Workers' Compensation Appeal : 
Board (Franklin Regional School : 
District), : 
                Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON             FILED: March 26, 2021

John Malecki (Claimant) petitions for review of the Workers' Compensation Appeal Board's (Board) Order that affirmed the Workers' Compensation Judge's (WCJ) Decision, which denied his claim petition for workers' compensation (Claim Petition) against Franklin Regional School District (Employer). Claimant asserts that the Board erred in upholding the WCJ's finding that Claimant failed to establish a disabling work injury. Claimant further asserts that he was not required to present unequivocal medical evidence, arguing that there was an obvious causal connection between the injury and his disability.

## I. Background

Claimant filed the Claim Petition on June 19, 2018, asserting that he sustained a work injury on March 12, 2018, in the form of "[a]cute left-sided low back pain with left-sided sciatica[,]" as well as a "strain or tear[,] . . . while throwing

heavy garbage into [a] dumpster." Certified Record (C.R.), Item No. 2, at 2. Claimant sought partial disability benefits for the period from March 12, 2018, to April 23, 2018. *Id.* at 4. Employer filed a Notice of Workers' Compensation Denial, asserting that Claimant did not suffer a work injury.[1] C.R., Item No. 30, at 1-2.

On August 15, 2018, Claimant filed a Petition to Review Compensation Benefits and a Petition to Review Medical Treatment and/or Billing (collectively, Review Petitions). *See* C.R., Item Nos. 5, 7, at 1. Therein, Claimant alleged that Employer "understated" the description of his injury in its Notice of Workers' Compensation Denial. *Id.* In particular, Claimant asserted that the injury description should read: "[H]erniated disc(s), radiculop[a]thy down both legs and stenosis. Acute left-sided low back pain with left-sided sciatica diagnosis. Strain or tear (internal derangement, the trauma to the muscle or the musc[u]lotendinous unit from violent contraction or excessive forcible strength)." *Id.* The WCJ treated the Review Petitions as requests to amend the description of injury in the Claim Petition. *See* C.R., Item No. 11; WCJ Decision, 7/17/19, Finding of Fact (F.F.) No. 1 n.1. Employer denied all material allegations and Claimant's petitions were assigned to a WCJ for resolution.

Claimant testified at two hearings held before the WCJ on August 16, 2018, and May 21, 2019. Claimant testified that he works as a custodian for Employer and that his job responsibilities require him to lift and move furniture, garbage cans, boxes, and any machinery he needs to operate. Hearing Transcript (Hr'g Tr.), 8/16/18, at 9, 31; Reproduced Record (R.R.) at 154a, 176a. On the day of the incident, Claimant was lifting garbage to put in a dumpster and felt a pain in his lower back that extended down the side of his left leg to his toes. *See* Hr'g Tr.

---

[1] We note that Employer issued the Notice of Workers' Compensation Denial on April 19, 2018, before Claimant filed the Claim Petition. *See* Certified Record (C.R.), Item No. 30.

at 10-11; R.R. at 155a-56a. Claimant finished the workday, called his boss, and went to the Forbes Hospital Emergency Department, where a computerized tomography (CT) scan indicated he had a herniated disc.

Before the incident, Claimant never had a reason to see a chiropractor or orthopedic surgeon and had never experienced such pain in his back or legs. *See* Hr'g Tr. at 9-10; R.R. at 154a-55a. He testified that he continued to experience "a stabbing pain that runs down [his] legs" and does not stop no matter if he is standing, sitting, or moving. Hr'g Tr. at 19; R.R. at 164a. He takes a muscle relaxant to help with mobility, but the pain returns once the medication wears off. Claimant explained that he missed six weeks of work because of his injury and that he was unable to use sick leave or vacation days during this time. He stated that he returned to his pre-injury job even though it aggravates his back and leg pain. At the second hearing, Claimant admitted that his condition has improved approximately 90%. *See* Hr'g Tr., 5/21/19, at 17; R.R. at 217a.

In support of his petitions, Claimant submitted the after-visit summary from Forbes Hospital Emergency Department. *See* R.R. at 5a (Claimant Ex. 1). The summary reflects that Claimant reported back pain and was diagnosed with lumbar disc herniation and spinal stenosis after a CT scan of his lumbar spine.[2] He received

---

[2] The attachments to the summary explained herniated discs and spinal stenosis as follows:

> Herniated [discs] result when a [disc] becomes weak. The [disc] eventually ruptures and places pressure on the spinal cord. Herniated [discs] may occur from sudden injury (*acute trauma*)[,] such as heavy labor, or from ongoing (*chronic*) stress, such as obesity.
> . . . .
> A herniated [disc] can result from gradual wear and tear. Injury or sudden strain can also cause a herniated [disc].
> . . . .

**(Footnote continued on next page…)**

3

Toradol and Robaxin during the visit, and was prescribed hydrocodone-acetaminophen, methylprednisolone, and naproxen. Claimant was instructed to schedule an appointment with his primary care physician as soon as possible. *Id.*

Claimant also submitted the medical records of Clare W. Budd, D.O., a workers' compensation doctor in family practice, who treated Claimant on multiple occasions between March 14, 2018, and April 18, 2018. *See* R.R. at 21a-33a (Claimant Ex. 2). Dr. Budd diagnosed Claimant with acute left-sided sciatica due to the herniated disc found on Claimant's March 12, 2018 CT scan results. *Id.* at 31a. Dr. Budd referred Claimant to an orthopedic surgeon and a physical therapist. She also instructed Claimant to avoid prolonged sitting or standing, "bending and twisting at the waist[,]" and "lifting[,] pushing[,] or pulling greater than 10 pounds." *Id.* at 32a.

In addition, Claimant submitted the records of Robert Liss, M.D., an orthopedic doctor, who referred Claimant to physical therapy. *See* R.R. at 34a-36a (Claimant Ex. 4). Dr. Liss diagnosed Claimant with lumbar radiculopathy[3] and acute bilateral low back pain with bilateral sciatica. *Id.* Dr. Liss prescribed that Claimant complete a total of 14 weeks of physical therapy, 2 to 3 times per week. *Id.*

Finally, Claimant submitted his physical therapy records from The Physical Therapy Institute. *See* R.R. at 37a-110a (Claimant Ex. 5). These records show that Claimant was diagnosed with lumbago with sciatica, left and right side,

---

Spinal stenosis is caused by areas of bone pushing into the central canals of your vertebrae. This condition can be present at birth (*congenital*). It also may be caused by arthritic deterioration of your vertebrae (*spinal degeneration*).

Reproduced Record (R.R.) at 7a, 17a, 20a (emphasis in original).

[3] "Radiculopathy" is defined as a "disease of the spinal nerve roots." Stedman's Medical Dictionary 1308 (25th ed. 1990).

4

and radiculopathy of the lumbar region. *Id.* at 37a-61a, 62a-110a. Claimant went to physical therapy several times a week from August 13, 2018, to February 20, 2019. *Id.* at 37a-110a. His primary complaint was pain in his lower back that radiated down his legs. *Id.* During therapy, he worked on strengthening and tightening up his torso muscles to compensate for the weakness in his back. 8/16/2018 Hr'g Tr. at 19; R.R. at 164a.

Employer presented the medical report and addendum medical report of Thomas D. Kramer, M.D. (Employer's Expert), who performed an independent medical examination (IME) of Claimant. *See* R.R. at 113a-15a (Employer Ex. C (Addendum)), 116a-19a (Employer Ex. B (IME Report)). Employer's Expert performed the IME on October 9, 2018, and reviewed Claimant's medical records. *See* R.R. at 113a, 116a-19a. In the IME Report, he opined that Claimant's work injury was consistent with a lumbar strain. *Id.* at 118a. He noted that his physical examination of Claimant revealed no objective indication of an ongoing lumbar strain or radiculopathy on either the left or right side. *Id.* at 119a. Employer's Expert found that Claimant's lumbar spine showed degenerative changes, but he concluded that these changes were not related to the work injury. *Id.* Employer's Expert submitted an affidavit of recovery on October 9, 2018, certifying that Claimant had fully recovered from the lumbar strain. *Id.* at 120a. He stated that Claimant could return to work with no restrictions. *Id.* at 119a.

Approximately five months later, Employer's Expert submitted an Addendum based on additional medical records from Forbes Hospital Emergency Department and Claimant's primary care physician. *See* R.R. at 113a. Therein, he explained that his medical opinions did not change based on this review. He also opined that, as seen during his IME of Claimant in October 2018, and at the time he

5

issued his Addendum in March 2019, there was nothing in the records indicating that Claimant's left-sided sciatica was a direct result of the work injury. *Id.* at 115a. He further opined that there was nothing to substantiate the herniated discs or lumbar radiculopathy diagnoses. *Id.*

In the decision, the WCJ determined that, based on "the competent, credible and sufficient evidence of record,"[4] Claimant failed to establish that his injury was a result of the March 12, 2018 work incident, and that he was disabled from the date of the incident through April 23, 2018. WCJ Decision, 7/7/19, F.F. No. 13. The WCJ found that "the work injury alleged to be suffered by [] Claimant is not such that it could be considered as 'obvious.'" *Id.* As a result, Claimant was required to present competent, unequivocal medical evidence that he suffered a work injury and that he was disabled because of that injury. The WCJ observed, however, that Claimant's evidence, while admitted in its entirety, did not include a medical opinion that Claimant's various diagnoses resulted from the work incident. *Id.* The WCJ further found that Employer's Expert opined that Claimant's medical symptoms were consistent with a lumbar strain, but not that such strain was the result of the alleged work injury. *Id.* Because Claimant did not establish a causal relationship between his injury and his employment through unequivocal medical evidence, the WCJ concluded that he did not meet his burden. *See* WCJ Decision, Conclusion of Law (C.L.) No. 2. The WCJ also concluded that Employer had a reasonable basis to contest the matter. *See* C.L. No. 3. Thus, the WCJ denied and dismissed Claimant's Claim and Review Petitions and, consequently, did not award attorney's fees or litigation costs.[5] Claimant appealed to the Board.

---

[4] The WCJ did not, however, make any specific credibility determinations.

[5] The WCJ also found that the contingency fee agreement executed between Claimant and his counsel was reasonable. *See* WCJ Decision, 7/17/19, Finding of Fact No. 14.

In his appeal, Claimant argued that the WCJ's determination that he did not sustain a disabling work injury disregarded substantial, competent evidence of record. Specifically, Claimant pointed to Employer's Expert's affidavit of recovery, his IME Report, and Addendum as support for his contention that he sustained a work-related injury. However, the Board disagreed and affirmed the WCJ's denial of Claimant's Claim and Review Petitions.[6] Bd. Op., 5/27/20, at 8. In doing so, the Board observed that Claimant's medical reports, and Employer's Expert's reports, failed to unequivocally establish that Claimant suffered a work-related injury resulting in disability. Bd. Op. at 6. The Board also rejected Claimant's argument that the WCJ capriciously disregarded Employer's Expert's reports related to his lumbar strain, given the WCJ's summary of the reports and his findings regarding their contents. *See* Bd. Op. at 7. The Board therefore concluded that because Claimant did not provide credible, unequivocal evidence to show that he sustained a disabling work injury, the WCJ did not err in determining that Claimant failed to meet his burden. *Id.* Claimant now petitions for this Court's review.

## II. Discussion

On appeal,[7] Claimant argues that the Board erred in determining that substantial evidence supported the WCJ's decision regarding the absence of a disabling work injury.[8] Specifically, as to this issue, Claimant maintains that the causal connection between his injury and his employment was obvious, thus

---

[6] The Review Petitions are not at issue in this appeal.

[7] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Milner v. Workers' Comp. Appeal Bd. (Main Line Endoscopy Ctr.)*, 995 A.2d 492, 495 n.2 (Pa. Cmwlth. 2010).

[8] We have combined Claimant's arguments because they are repetitive.

7

obviating the need for unequivocal medical evidence. Claimant also contends that Employer's denial of his Claim Petition was an unreasonable contest, and the WCJ erred in concluding otherwise. In addition, he argues that he should be reimbursed for medical bills paid by his health insurance carrier.

As to the main issue, *i.e.*, lack of a work injury, Employer responds that unequivocal medical evidence was in fact required here and that Claimant failed to present any such evidence to meet his burden. In the alternative, Employer contends that Claimant waived the issue by failing to raise it before the Board. Finally, Employer argues that its contest was reasonable because Claimant never adduced a medical opinion that the alleged work incident resulted in a disabling work injury. As to Claimant's contention that he should be reimbursed for medical bills paid by his health insurance, Employer argues that this issue was also waived because Claimant did not raise it before either the WCJ or the Board.

### A. Proof of Work Injury & Medical Evidence

We begin by addressing whether Claimant waived his argument that unequivocal medical evidence was not required to satisfy his burden. The WCJ concluded that "Claimant has failed to sustain his burden of proving that he sustained a work-related injury on March 12, 2018, and therefore is not entitled to benefits for that injury." WCJ Decision, C.L. No. 2. In his appeal to the Board, Claimant specifically challenged this conclusion, asserting: "Paragraph 2 of the Conclusions of Law is not support[ed] by the overwhelming evidence and the work injury was virtually [a] stipulation." C.R., Item No. 13, at 2. In challenging the WCJ's determination as to the work-relatedness of his injury, Claimant is also challenging

8

the WCJ's determinations as to the evidence he presented. We therefore conclude that this issue has been preserved for our review and consider its merit.[9]

In this case, the Board affirmed the WCJ's conclusion that Claimant failed to establish a work injury that resulted in a disability because he did not present unequivocal medical evidence. We note, however, that unequivocal medical evidence is not necessary to sustain an award of benefits in all circumstances.

As a preliminary matter, "the claimant has the burden of establishing the right to compensation and all of the elements necessary to support an award, including the burden of establishing a causal relationship between a work-related incident and an alleged disability." *Rife v. Workers' Comp. Appeal Bd. (Whitetail Ski Co.)*, 812 A.2d 750, 754 (Pa. Cmwlth. 2002). "Where the causal connection between employment and injury is <u>not obvious</u>, the claimant must present unequivocal medical testimony to establish that connection." *Id.* (emphasis added). "An obvious relationship exists where the claimant's injuries immediately and directly or naturally and probably result from a work incident; in such cases, the fact finder is not required to depend alone, or at all, upon medical testimony to find the causal connection." *Metelo v. Workmen's Comp. Appeal Bd. (Old Original Bookbinders Rest.)*, 642 A.2d 653, 655 (Pa. Cmwlth. 1994) (emphasis omitted). Simply put, "'unequivocal medical testimony is not necessary to establish what is apparent from the chain of events.'" *Id.* (quoting *Yellow Cab Co. v. Workmen's Comp. Appeal Bd.*, 390 A.2d 880 (Pa. Cmwlth. 1978)).

---

[9] Nevertheless, had the issue been waived, whether Claimant satisfied his burden of proof is a question of law of which our review is plenary. *Meadow Lakes Apartments v. Workers' Comp. Appeal Bd. (Spencer)*, 894 A.2d 214, 217 (Pa. Cmwlth. 2006). We "may not ignore a glaring error of law relating to the application of an incorrect legal standard upon the very issue before us. . . . Even when neither party raises the issue, we may review a case upon the correct legal principles that apply in fulfillment of our review function." *Donovan v. Workers' Comp. Appeal Bd. (Acad. Med. Realty)*, 739 A.2d 1156, 1161 (Pa. Cmwlth. 1999).

9

In addition, this principle applies where a claimant's "disability is the natural and probable consequence of an injury[.]" *Metelo*, 642 A.2d at 655. For example, an obvious causal relationship between the work injury and disability

> involves a nexus that is so clear that an untrained layperson would not have a problem in making the connection between the injury and a disability. This discernment often involves a "natural and probable" development . . . and could sometimes involve an immediacy of occurrence such as an immediate back injury following heavy lifting.

*Tobias v. Workmen's Comp. Appeal Bd. (Nature's Way Nursery, Inc.)*, 595 A.2d 781, 784-85 (Pa. Cmwlth. 1991) (emphasis added). Indeed, as discussed below, courts in this Commonwealth have repeatedly held that there is an obvious connection where a claimant contemporaneously experiences pain while doing an act requiring force or strain, such as lifting an object. *See Davis v. Workmen's Comp. Appeal Bd. (United Parcel Serv.)*, 499 A.2d 703, 705 (Pa. Cmwlth. 1985).

For instance, in *Morgan v. Giant Markets, Inc.*, 397 A.2d 415 (Pa. 1979), the claimant was unloading a delivery truck when he experienced severe pain in his lower back and collapsed. He immediately reported the incident to his supervisor and claimed a work injury. The claimant did not present any medical testimony linking the work incident and the injury. This Court reversed the Board decision in the claimant's favor, concluding that medical testimony was necessary because the causal connection between the work incident and the injury was not obvious. In reversing this Court's decision, our Supreme Court held that the factual circumstances constituted substantial competent evidence establishing a causal connection between the work incident and the claimant's injury. The Court stated:

> Where one is doing an act that requires force or strain and pain is experienced at the point of force or strain, the injury may be

10

found to have been established. Pain is an excellent symptom of an injury. Of course, the trier of fact will determine the credibility of the witness's testimony as to the total situation. We, therefore, find substantial competent evidence in the record to support the conclusion of the [Board], that the above facts establish a causal connection between the work incident and [the claimant's] injury.

*Id.* at 424.

Later, in *Sacks v. Workmen's Compensation Appeal Board*, 402 A.2d 293 (Pa. Cmwlth. 1979), this Court affirmed a Board decision that awarded benefits even though the claimant did not present unequivocal medical testimony. There, the claimant, a school bus driver for handicapped children, experienced severe pain in his right knee and foot immediately after lifting a 140-pound boy onto the bus. This Court observed that the claimant had no prior history of knee or foot trouble, that the pain occurred right after he lifted the child, and that the claimant immediately reported the incident to his employer. The factfinder was therefore not required to depend on medical testimony to establish the necessary causal connection. This Court held the same in *Davis*, 499 A.2d at 705, where the claimant's back pain manifested itself immediately after he had engaged in heavy lifting. Furthermore, in *US Airways v. Workers' Compensation Appeal Board (Robinson)* (Pa. Cmwlth., No. 1602 C.D. 2010, filed June 30, 2011), 2011 WL 10845859 (unreported),[10] this Court explained that medical evidence was not needed where the claimant developed pain in his shoulder while lifting a bag into an overhead compartment of an airplane and the pain manifested again after he returned to work. *See id.*, slip op. at 7-8, 2011 WL 10845859, at *4.

Based on our precedent, we conclude that the WCJ erred in determining that Claimant needed to present unequivocal medical testimony to establish the work

_____

[10] We cite this unreported decision for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

injury given these circumstances. Claimant's Claim Petition described his injury as "[a]cute left-sided low back pain with left-sided sciatica diagnosis. Strain or tear [Internal derangement, the trauma to the muscle or musc[u]lotendinous unit <u>from violent contraction or excessive forcible strength</u>]." C.R., Item No. 2, at 2 (emphasis added). This description is consistent with Claimant's testimony regarding the work incident, which the WCJ apparently credited, that, on March 12, 2018, Claimant was lifting a heavy garbage bag when he felt a pinching sensation in his lower back that radiated down his left leg to his toes. WCJ Decision, F.F. Nos. 6, 13. In other words, the disabling pain began immediately after lifting the garbage bag. Because his injury manifested itself while Claimant was performing an act of force or strain, he did not need unequivocal medical evidence to establish that his injury was work related. *See Nw. Med. Ctr. v. Workers' Comp. Appeal Bd. (Cornmesser)*, 880 A.2d 753, 755 (Pa. Cmwlth. 2005) (causal connection obvious where claimant does act requiring force or strain and pain is immediately experienced at point of force or strain).

Likewise, we conclude that the WCJ erred in determining that Claimant did not establish the disabling nature of the injury. For purposes of benefits, disability is tantamount to a loss of earning power. *See Odd Fellow's Home of Pa. v. Workmen's Comp. Appeal Bd. (Cook)*, 601 A.2d 465, 470 (Pa. Cmwlth. 1991). As indicated above, Claimant called his supervisor and went to the Forbes Hospital Emergency Department for treatment after his shift ended on the date of the incident. *See* F.F. No. 6. Once there, Claimant reported pain extending down his legs to his feet and underwent a CT scan that showed a lumbar disc herniation. *Id.* Claimant continued receiving treatment from various physicians and underwent months of physical therapy. Claimant also missed six weeks of work and did not return to his pre-injury job until April 23, 2018. *Id.* When released to resume his pre-injury job,

12

Dr. Budd instructed him to avoid prolonged sitting or standing, bending and twisting at the waist, and lifting, pushing, or pulling more than 10 pounds.  F.F. No. 9.  The WCJ found that Claimant never experienced any problems with his low back before the incident, so he did not previously receive any treatment for that area.  F.F. No. 6.

Here, the record establishes the obvious causal connection between Claimant's injury and his work, and his subsequent disability from March 12, 2018, to April 23, 2018.  Accordingly, we hold the WCJ and the Board erred as a matter of law in determining that Claimant failed to meet his burden of establishing a disabling work injury.

### B. Reasonable Contest

Next, Claimant argues that Employer had no reasonable basis to contest liability in this case, and, therefore, Claimant is entitled to attorney's fees.  Section 440(a) of the Workers' Compensation Act (Act)[11] provides, in relevant part:

> In any contested case where the insurer has contested liability in whole or in part, . . . the employe . . . in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, . . . Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. §996(a).  The employer bears the burden of presenting "sufficient evidence" to prove a reasonable basis for its contest.  *McConnell v. Workmen's Comp. Appeal Bd. (W. Ctr.)*, 534 A.2d 571, 573 (Pa. Cmwlth. 1987).  "[W]hether a reasonable basis exists to contest liability depends on both the facts and legal issues involved." *Hansen v. Workers' Comp. Appeal Bd. (Stout Rd. Assocs.)*, 957 A.2d 372, 375 (Pa.

---

[11] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.  Section 440 was added to the Act by the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

Cmwlth. 2008). A reasonable contest is established where the "medical evidence is conflicting or susceptible to contrary inferences, and there is an absence of evidence that an employer's contest is frivolous or filed to harass a claimant." *Id.* The issue of reasonable contest is a question of law fully reviewable by this Court that requires us to "examine the entire record to determine if the evidence presented supports the WCJ's conclusion." *Id.*

The record in this case reflects that Employer's contest was unreasonable from the outset. Employer filed its Notice of Workers' Compensation Denial on April 19, 2018, asserting that Claimant had not suffered a work-related injury and explaining that its "[i]nvestigation [was] continuing and [that it was] attempting to obtain medical reports." C.R., Item No. 30, at 2. However, Employer's Expert did not perform the IME of Claimant until October 9, 2018, almost seven months after the work incident, and nearly six months after Employer decided to contest Claimant's application for benefits. As this Court explained, "[t]o reasonably contest that an injury is not work[ ]related, an employer must have in its possession at the time the decision to contest is made[,] or shortly thereafter[,] medical evidence supporting that position." *Yeagle v. Workmen's Comp. Appeal Bd. (Stone Container Corp.)*, 630 A.2d 558, 560 (Pa. Cmwlth. 1993).[12] At the time Employer contested liability, it had no factual basis to dispute that Claimant had suffered a disabling injury in the course of his employment.

---

[12] The Court in *Yeagle* also explained that

> after-acquired medical opinions issued after long periods of uncontradicted proofs do not, as a matter of law[,] provide a reasonable basis for contesting a claim. . . . To allow after-acquired medical opinions to justify an employer's contest would allow the decision to deny compensation to be based not on what a medical opinion is, but on the hope that some kind of medical evidence can be elicited prior to hearing.

*Yeagle*, 630 A.2d at 560.

Furthermore, Employer's Expert's report submitted after his October 2018 IME of Claimant did not present a genuine dispute as to the work-relatedness of Claimant's injury. In the report, Employer's Expert did not dispute that Claimant had sustained a work-related injury on March 12, 2018; nor did he dispute that Claimant had suffered a disability as a result of the alleged work injury. He merely disputed the type of injury Claimant may have suffered as a result of the incident. Specifically, Employer's Expert opined that Claimant's alleged work injury "would be consistent with that of a lumbar strain," rather than a disc herniation, which opinion is not inconsistent with the description of injury listed on the Claim Petition. R.R. at 118a. Employer's Expert further opined, generally, that Claimant had recovered from any lumbar strain work injury that occurred on March 12, 2018, by the time of the IME, and that Claimant could return to work without restrictions. *Id.* at 118a-19a. Further, although Claimant reported that he still experienced pain, which Claimant attributed to the work incident, Employer's Expert noted his belief that Claimant experienced degenerative changes and may have another medical condition not attributable to the work injury that could be the source of his pain. *Id.* at 119a. But, as of the October 2018 IME, Claimant had already returned to his pre-injury job without restrictions. Moreover, Claimant's Claim Petition only asked for partial disability benefits for the closed period of March 12, 2018 (date of the incident), to April 23, 2018 (date he resumed his time-of-injury job). C.R., Item No. 2, at 4; WCJ Decision, F.F. No. 6.

Employer's contest also did not become reasonable when Employer's Expert submitted his Addendum on March 1, 2019, nearly a year after Claimant's work incident, wherein he asserted that his medical opinions regarding the lumbar strain had not changed after his review of additional medical records. R.R. at 114a.

15

In particular, Employer's Expert reviewed additional medical records pre-dating the work incident, indicating that Claimant had previously experienced leg pain and other ailments prior to the work incident, as well as records from the time period in question showing that Claimant suffered left-sided sciatica as a result of the work injury. *See* R.R. at 114a. One of the records reviewed, dated April 23, 2018, indicated (according to Employer's Expert's summary), that Claimant requested a note to return to full-duty work with no restrictions and that "[t]his time period of ability to return [] to work at a normal job duty is consistent with the time it typically takes for a soft tissue injury or strain to resolve." *Id.* at 114a. Employer's Expert therefore opined in the Addendum that "[t]here is absolutely nothing *at this time, particularly seen during my evaluation*, that would indicate that [Claimant] had a left-sided sciatica as a direct result of the work injury[,]" presumably because any such injury would have resolved by the time of his evaluation of Claimant. *Id.* at 115a (emphasis added). Absent from Employer's Expert's March 2019 Addendum, however, is any indication that Claimant had *not* sustained a disabling work injury that took him out of work from March 12, 2018, to April 23, 2018.

As such, what began as an unreasonable contest remained unreasonable upon Employer being informed by its own examining physician that Claimant consistently reported that he suffered a work injury on March 12, 2018, but that the injury had, in fact, resolved by the time of Employer's Expert's IME. Nevertheless, Employer continued to contest the claim without any factual basis in the hope that the issuance of yet another report by its medical expert would provide the evidence it needed to rebut Claimant's proof. Because Employer's Expert's medical reports did not provide Employer with a reasonable basis for its contest, there was no basis to deny Claimant an award of attorney's fees under the Act. We therefore hold that

16

the Board erred in affirming the WCJ's conclusion that Employer carried its burden of proving a reasonable basis to contest liability here.

As noted above, Section 440(a) permits an award of attorney's fees where an employer's contest is found to be unreasonable. In so awarding fees, the WCJ must determine what is a "reasonable sum" of attorney's fees based on the WCJ's findings "as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings[,] and the time and effort required and actually expended." *See* Section 440(b) of the Act, 77 P.S. §996(b); *see also Eugenie v. Workmen's Comp. Appeal Bd. (Sheltered Emp. Serv.)*, 592 A.2d 358, 361-62 (Pa. Cmwlth. 1991). "Where the [WCJ] has failed to make sufficient findings regarding the work performed by [c]laimant's attorney, we must remand the case for such a determination." *Hartman v. Workmen's Comp. Appeal Bd. (Moyer Packing Co.)*, 636 A.2d 1245, 1247 (Pa. Cmwlth. 1994) (citing *Eugenie*, 592 A.2d at 361-62).

Although the WCJ deemed reasonable the 20% contingency fee agreement executed by Claimant and his counsel under Section 442 of the Act, 77 P.S. §998,[13] *see* F.F. No. 14, awarding fees pursuant to Section 440 requires independent factual determinations to be made by the WCJ "in the first instance." *Eugenie*, 592 A.2d at 362. Additionally, we note that in his brief, Claimant also now

---

[13] Section 442 of the Act was added by the Act of February 8, 1972, P.L. 25, and reads, in pertinent part:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded.

77 P.S. §998.

claims that his counsel is entitled to counsel fees on a quantum meruit basis under Section 440, rather than on the agreed upon 20% contingency fee.[14]  As our Court has explained:

> [I]n appropriate circumstances, a Section 440 award may be greater than the amount the claimant would have to pay if a reasonable contest had been presented. . . .  Similarly, we believe that in appropriate circumstances, Section 440 may require attorney's fees in an amount less than twenty percent of the award, if the record shows that twenty percent would be unreasonable.

*Eugenie*, 592 A.2d at 362.  As the WCJ has not made any findings regarding the work performed by Claimant's counsel, we must remand the case for further proceedings and the development of a factual record on this issue.

### C. Reimbursement of Insurance Payments

Finally, we address Claimant's argument that "[E]mployer should be required to reimburse [Claimant's] health insurance payments" because "Claimant had to use his health insurance for medical bills[.]"  Claimant's Br. at 35.  Employer responds that Claimant waived the issue by failing to raise it before the WCJ or the Board.  We agree with Employer that Claimant waived the issue, but on a different basis.

Pennsylvania Rule of Appellate Procedure 2119(a) requires that the argument portion of a brief be developed with pertinent discussion of the issues, including citations to relevant authority.  Pa.R.A.P. 2119(a).  When parties fail to satisfy this requirement, a court cannot develop the argument for them.  *See Skytop Meadow Cmty. Ass'n, Inc. v. Paige*, 177 A.3d 377, 384 (Pa. Cmwlth. 2017).  A

---

[14] The contingency fee agreement reads, in relevant part:  "For his services, my attorney shall receive TWENTY (20%) PERCENT of Workers' Compensation Benefits, or TWENTY (20%) PERCENT of the commutation amount of Workers' Compensation Benefits."  C.R., Item No. 23 (emphasis in original).

party's failure to develop an issue in the argument section of its brief results in waiver of the issue. *See Blue Pilot Energy, LLC v. Pa. Pub. Util. Comm'n*, 241 A.3d 1254, 1272 (Pa. Cmwlth. 2020) (stating that "it was incumbent on [the petitioner] to develop, advance, and support" its argument). Here, Claimant does not support his vague argument regarding his purported entitlement to reimbursement of health insurance payments paid by his health insurance for medical bills with any legal authority or citations. Accordingly, on this ground, we conclude that Claimant waived the issue and deny Claimant's request for reimbursement for payments made by his health insurance.[15]

### III. Conclusion

For all of the foregoing reasons, we hold that the WCJ erred in determining that Claimant did not sustain his burden of proving a disabling work injury and that Employer carried its burden of proving a reasonable contest. As such, we reverse the Board's order affirming the WCJ's determination, and remand the matter to the Board to remand to the WCJ for further proceedings consistent with this opinion. Specifically, the matter is remanded for the calculation of: (1) an award of disability benefits associated with Claimant's work injury of March 12, 2018, for the period of March 12, 2018, through April 23, 2018; and (2) attorney's fees based on the amount and difficulty of the work performed by Claimant's attorney.

_____
J. ANDREW CROMPTON, Judge

---

[15] Notwithstanding waiver, because Claimant did not develop his argument in this regard, such that it is not clear to which health insurance payments Claimant is referring, this Court will not opine on the issue.

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Malecki, : 
                Petitioner : 
                         : 
       v. :    No. 582 C.D. 2020
                         : 
Workers' Compensation Appeal : 
Board (Franklin Regional School : 
District), : 
                Respondent : 

## **O R D E R**

AND NOW, this 26th day of March 2021, the Workers' Compensation Appeal Board's Order dated May 27, 2020, is hereby REVERSED, and this matter is REMANDED to the Board with the direction that it remand the matter to the Workers' Compensation Judge for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

 

_____
J. ANDREW CROMPTON, Judge